UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


UNITED STATES OF AMERICA,            )
                                     )
                Plaintiff,           )      No. 3:06-CR-102
V.                                   )      (Varlan / Guyton)
                                     )
                                     )
GRAY Y. JORDAN,                      )
CHRISTOPHER JAMES KORTZ,             )
JULIA C. NEWMAN,                     )
        also known as JULIE,         )
        also known as JULES,         )
SHERRY FARMER, and                   )
WILLIAM JORDAN,                      )
        also known as CAPERS,        )
                                     )
                Defendants.          )


## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C.

§ 636(b) for disposition or report and recommendation regarding disposition by the District Court

as may be appropriate.  This case is before the Court upon 54 pretrial motions by the defendants.

## I. ANALYSIS

The Court will endeavor to address the pending pretrial  motions largely in the order in

which they were filed, although two preliminary issues must logically be addressed at the outset.

First, the Court notes that a number of motions were filed asking for leave to file a particular

motion past previously established motions deadlines.  The Court has previously found that this case

is unusual and complex for purposes of the Speedy Trial Act, 18 U.S.C. §3161, [Doc.  137], and

finds that motions to file a motion out of time are well-taken. All pending motions seeking such relief are granted and the underlying motion in each is deemed timely filed. **[Doc. 98]**, **[Doc. 99]**, and **[Doc. 106]** are **GRANTED**.

Second, two motions have been filed requesting leave to adopt the filings of certain co-defendants. [Doc. 108] and [Doc. 117]. Defendant Sheila Farmer moves the Court [Doc. 108] for permission to file instanter a motion to adopt certain specified motions of Defendant Newman [Docs. 74, 76, 78, 98]. For grounds, Defendant Farmer contends that Defendant Newman filed numerous motions on or after the motions deadlines and that defense counsel was therefore unable to timely review all of the motions to determine which ones should be adopted. Defendant Farmer further argues that the government would not be prejudiced by the defendant's motion to adopt as no new arguments have been raised and the government has been given additional time to respond to Newman's motions.

Defendant Gray Y. Jordan also moves [Doc. 117] the Court to permit him to adopt certain specified motions of Defendant Newman [Docs. 31, 34, 35, 67, 69, 70, 71, 72, 73, 74, 75, 76, 77, 79, 80, 81, 82, 85, 87, 88, 89, 90, 92, 93, 94, 95, 96, 107]. For grounds, Gray Y. Jordan contends that the twenty-eight motions specifically referenced above contain issues of fact and law germane to himself, and furthermore maintains that the granting of this motion will promote judicial economy and prevent the unnecessary duplication of filings.

To the extent the issues raised in the underlying motions may be applicable to those requesting leave to adopt, these two motions are granted. All parties are advised that rulings of the Court on adopted motions are applicable as well to the adopting party, whether or not his name appears separately in the written order addressing that motion. If the Court reaches a conclusion as

to the adopting party that is different than for the original filer, the same will be clearly specified. Defendant Farmer's Motion to Adopt Motions Filed By Defendant Julia Newman, And To File This Motion Instanter **[Doc. 108]** and Defendant Gray Y. Jordan's Motion to Adopt and Incorporate Motions of Co-Defendants **[Doc. 117]** are **GRANTED**.

## 1. OBJECTIONS TO SCHEDULING ORDER

Defendant Newman objects and moves to modify Paragraph L of the Order on Discovery and Scheduling [Doc. 16] to require the government to provide Rule 16(a)(1)(G) discovery at the same time that the government is required to provide the defense other Rule 16(a) discovery. Defendant Newman further moves to revise the Scheduling Order to provide a new date for Rule 16(a) discovery, including Rule 16(a)(1)(G) disclosures, to be completed. [Doc. 24].

> Paragraph L of the Order on Discovery and Scheduling [Doc. 16] provides as follows:
>
> Unless otherwise ordered by the Court, any disclosure of expert information required by Rule 16(a)(1)(G), Fed.R.Cr.P., shall be made by the government at least three (3) weeks before trial. Any disclosures required by Rule 16(b)(1)(C) shall be made by defendant at least one (1) week before trial unless the Court orders otherwise.

The Court finds that the defendant has not stated good cause for modifying Paragraph L of the Order on Discovery and Scheduling. Accordingly, Defendant Julie C. Newman's Objection to Paragraph L Of The Scheduling Order And Request For New Discovery Deadline **[Doc. 24]** is **DENIED**.

## 2. RULE 12(B)(4)(B) NOTICE

Defendant Newman moves the Court to compel the government to comply with Fed. R. Crim. P. 12(b)(4)(B) and to file an exhibit list designating the evidence or information which the government contemplates using in its case-in-chief. Specifically, the defendant moves for notice

of the following specific evidence pursuant to Rule 12(b)(4)(B) and an exhibit list that includes:

(a) Photographs or diagrams;

(b) Summaries of bulky evidence;

(c) Records of any type;

(d) Evidence obtained by administrative process or subpoena;

(e) Evidence obtained by a grand jury subpoena;

(f) Tape recordings of any type;

(g) Excerpts of any record or tape recording;

(h) Evidence obtained through any warrantless search or seizure, or that relates to or was derived from any such search or seizure;

(I) Evidence obtained through the execution of any search or seizure warrant, or that relates to or was derived from any such warrant;

(j) Evidence obtained through any electronic or mechanical surveillance or tape recordings, or that relates to or was derived from any such surveillance or recordings;

(k) Evidence that was obtained through any use of a beeper or other tracking device, or that relates or was derived from any such beeper or other tracking device;

(l) Evidence that was obtained through any use of a mail cover, or that relates to or was derived from any such mail cover;

(m) Evidence relating to the exhibition or display of the Defendant's photograph, likeness, image, or voice recording to anyone, not then employed by a law enforcement agency;

(n) Written, recorded, or oral statements of Defendant, or any other written, recorded, or oral statements by others intended to be offered as a statement of the Defendant;

(o) Tape recordings of communications of others in which Defendant was not a participant so as to provide Defendant an opportunity to move to suppress under F.R.E. Rule 104, 801(d), 402 and 403;

(p) Transcripts of tape recordings the Government intends to rely on to provide the Defendant an opportunity to compare the transcript with the recording and move to suppress any transcripts that are not accurate; and

(q) Tape recordings that are in a language other than English to provide the Defense an opportunity to move to suppress any interpretation of said tape recording as being inaccurate.

Defendant Newman contends that the Court, in its discretion, can require the government to file an exhibit list and maintains that specific identification of the evidence that the government intends to offer in its case in chief is essential to enable counsel to prepare effectively, to conserve judicial time and resources, and if appropriate, to afford an opportunity to move to suppress. The defendant also asks the Court to require the government to file a Rule 12(b)(4)(B) notice and exhibit list within seven (7) days and that the defendant be permitted an extension of the motions deadline to file motions to exclude the proffered evidence from admission at trial.

The government responds [Doc. 128] by stating that it plans to present any and all physical or documentary evidence applying to the Indictment; that these materials were forwarded to Defendant Newman's counsel on August 23, 2006, October 11, 2006, and December 6, 2006; and that the government is aware of its ongoing obligation to provide discovery.

Rule 12(b)(4)(B) requires the government, upon request of a defendant, to give notice to the defendant of the government's intent to use certain evidence at trial. The rule is limited in scope. By its own terms, it is limited to evidence the defendant would be entitled to discover under Rule 16, Federal Rules of Criminal Procedure. It also explicitly limits disclosure to evidence the government intends to use in its case-in-chief. Furthermore, this "provision contemplates motions filed in preparation for actual or potential motions to suppress evidence." United States v. Lanier, 578 F.2d

1246, 1254 (8th Cir. 1978). Rule 12(b)(4)(B) is not designed nor intended to be used to obtain more specific discovery than that provided by Rule 16. Rather, Rule 12(b)(4)(B) is intended to facilitate the making of pretrial suppression motions by allowing the defendant to avoid filing a motion to suppress when the government does not intend to use the evidence.

Based upon the government's representation that any and all physical and documentary evidence applying to the Indictment has been forwarded to defense counsel and that the government will continue to comply with its discovery obligations, Defendant Newman's Motion to Move Instanter To Compel The Government To File F.R.Cr.P. 12(b)(4) Notice And An Exhibit List **[Doc. 31]** is **DENIED**.

### 3. TO COMPEL RULE 16(A)(1) DISCOVERY [DOC. 32]

Defendant Newman moves to compel discovery responses from the government. [Doc. 32]. The defendant requests that the original items of Rule 16(a)(1) discovery be made available for inspection and that counsel be permitted to inspect these original materials at the United States Attorney's Office in Knoxville within seven (7) working days.

The Court has reviewed each of the defendant's discovery requests and finds that all of these requests have already been addressed by the Court's Order on Discovery and Scheduling [Doc. 16]. Moreover, the government states in its response that it has forwarded all physical and documentary evidence related to the Indictment to the defendant's counsel on August 23, 2006, October 11, 2006, and December 6, 2006. [Doc. 58]. Finally, the Court notes that the Order on Discovery and Scheduling permits the government to provide either the originals or copies to the defendant for inspection and copying, and the defendant has not stated any legal basis for her request that only originals be made available. For these reasons, Defendant Newman's Motion to Move Instanter To

Compel F.R.Cr.P. 16(a)(1) Discovery Response From The Government **[Doc. 32]** is **DENIED**.

### 4. TO FILE ADDITIONAL MOTIONS AFTER DISCOVERY IS PRODUCED [DOC. 33]

Defendant Newman moves for leave to file additional motions after the government's Rule 12(b)(4)(B) notice and Rule 16 discovery is provided. Newman further moves for a new scheduling order as to the filing deadline for motions. [Doc. 33]. For the reasons stated above, Defendant Newman's request for Rule 12(b)(4)(B) and for Rule 16 discovery are now moot. Further, the Court has already extended the motions deadline in this case beyond that time provided for in the original Order on Discovery and Scheduling. Accordingly, Defendant Newman's Motion To Instanter Move To File Additional Motions And For New Scheduling Order **[Doc. 33]** is **DENIED as moot**.

### 5. TO ESTABLISH DATE FOR PRODUCTION OF SUBPOENAED RECORDS [DOC. 34]

Defendant Newman has asked the Court to set a date for production of materials subpoenaed pursuant to Federal Rules of Criminal Procedure Rule 17, [Doc. 34], which states:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The Court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.
> Fed. R. Crim. P. 17(c)(1).

Ms Newman indicates that she intends to subpoena a variety of materials to see if they contain impeachment evidence of potential government witnesses or exculpatory evidence for the benefit of her defense.

#### *Impeachment Material*

The government argues, correctly, that the defendant cannot obtain impeachment evidence before trial, and that Rule 17(c) cannot be used for that purpose. Regarding the possible impeachment of potential government witnesses, "Ordinarily, a defendant is not entitled to a list

of the names and addresses of the government's witnesses." United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.), cert. denied, 510 U.S. 903 (1993). A defendant, however, is entitled to receive evidence in the government's possession which tends to impeach or discredit the government's witnesses. Giglio v. United States, 405 U.S. 150 (1972). Classic examples of such evidence are plea agreements and prior criminal records, if known to the government. Id. at 154-55. The law is well-settled, however, that there can be no advance production of prior inconsistent statements of a witness, since they do not become evidentiary until the witness has testified. United States v. Fields, 663 F.2d 880 (9th Cir. 1981); United States v. Cuthbertson, 630 F.2d 139 (3rd Cir. 1980), cert. denied, 49 U.S. 1126; United States v. Louis Trauth Dairy, Inc., 162 F.R.D. 297 (D.C. Ohio 1995).

*Exculpatory Evidence*

Regarding exculpatory evidence, the government has an absolute duty to disclose material and relevant evidence favorable to the accused. Brady v. Maryland, 373 U.S. 83, 87 (1963). Moreover, it is a violation of the government's obligation under Brady to not disclose a witness' inconsistent statements. United States v. Minsky, 963 F.2d 870, 875 (6th Cir. 1992). On the other hand, Brady requests may not be used as a pretext for broader discovery, and any alleged Brady materials must be requested with sufficient specificity such that the materials can be identified. United States v. Driscoll, 970 F.2d 1472, 1482 (6th Cir. 1992), cert. denied, 506 U.S. 1083 (1993). Mere speculation that requested items may contain Brady material is not sufficient to require disclosure. Id.; see United States v. Presser, 844 F.2d 1275, 1282 (6th Cir. 1988).

In the context of the foregoing, Rule 17(c) is not intended to be a discovery device. <u>United States v. Noriega</u>, 764 F.Supp. 1480, 1492 (S.D. FLA 1991). A person who receives a Rule 17(c) subpoena must appear at the time and place specified, and must have the items requested, but the person is not required to surrender possession of them - only to have them for possible use as evidence. The Court, however, under the third sentence of Rule 17(c), has the discretion to allow either side to inspect subpoenaed documents or items prior to the trial under the supervision of the Court.[1] The purpose of this is not to grant discovery but to provide a mechanism whereby the trial is expedited by providing a time and place before trial for the inspection of subpoenaed materials which will be evidence in the case. <u>Nixon</u>, 418 U.S. at 698-699. Moreover, while material usable for impeachment is within Rule 17(c), it does not become evidence until the witness has testified at trial. Therefore, prior inconsistent statements of a witness, for example, are not subject to production and inspection prior to trial, regardless of a Rule 17(c) subpoena.

In any event, the burden is on the party seeking production to show good cause for production before trial. The <u>Nixon</u> Court stated that lower courts should generally require the following showing to have production before trial:

---

[1] In support of this request, Defendant Newman also relies, in part, on the Order of Magistrate Judge Inman in <u>United States v. Gunter</u>, 2:06-CR-05, a case where the defendant issued subpoenas to 10 law enforcement agencies to produce documents regarding several potential witnesses in the case. In that Order, Judge Inman balanced the legitimate need of the defendant for impeachment material against the well-settled law that Rule 17(c) subpoenas must not be used as a discovery device. Judge Inman then noted that District Judge Greer had voluntarily agreed to review, in camera, the subpoenaed materials five (5) days before trial. Judge Greer then would determine what information in those documents, if any, should be disclosed to the defendant for his use at trial. Judge Inman's ruling, therefore, was predicated on Judge Greer's personal preference in that specific case for the handling of materials subpoenaed pursuant to Rule 17.

(1) That the documents are evidentiary and relevant; (2) That they are not otherwise procurable by the defendant reasonably in advance of trial by exercise of due diligence; (3) That the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial; (4) That the application is made in good faith and is not intended as a general fishing expedition.

Nixon, 418 U.S. at 699.

The first prong of the Nixon test requires that the recordings sought are "evidentiary and relevant." The fourth prong of the Nixon test requires that the defendant's request is in good faith and not a general "fishing expedition." The descriptions of information Defendant Newman anticipates procuring by subpoena do not meet these two prongs of the Nixon test.

In Noriega, supra, the court faced the issue of whether to order enforcement of a government subpoena for production of the recorded jail telephone calls made by the former dictator of Panama, Manuel Noriega. The court emphasized that enforcement of a Rule 17(c) subpoena "depends on whether the subpoena reflects a genuine effort to obtain identifiable and relevant evidence or instead constitutes a broad 'fishing expedition' which seeks to use Rule 17(c) as a means for obtaining additional discovery." 764 F. Supp. at 1493.

In the present case, Defendant Newman, like the government in Noriega, cannot reasonably specify the information contained, or believed to be contained, in the materials generally described in the motion. The defendant has a theory as to what types of information might be available from myriad sources, but at this point the theory does not go beyond speculation. In short, the first and fourth prongs of the Nixon test have not be met by the defendant. Accordingly, the Court finds it would not be appropriate to set a date for production. Based upon the defendant's inability to specify the information to be obtained from the described sources and the lack of any specific subpoena outstanding, Ms Newman's Motion for Date of Production to the Court of Subpoenaed

Items for Examination by Counsel Pursuant to Fed. R. Crim. P. 17(c) **[Doc. 34]** is **DENIED**.

### 6. LIST OF GOVERNMENT WITNESSES AND ADDRESSES [DOC. 35]

Defendant Newman moves the Court to order the government to provide  the defense a list of witnesses that the government intends to call at trial with their current addresses.  [Doc. 35]. While defendant acknowledges that the government may be permitted to withhold the identity of specific witnesses for safety reasons, he argues that there are ample laws and procedures available to protect witnesses and that the Court has the discretion to order the prosecution to provide a witness list.  United States v. Kendricks, 623 F.2d 1165 (6th Cir. 1980).

The government opposes the defendant's motion, arguing that a defendant is not entitled to know in advance of trial who will testify for the government.  [Doc. 58].

"Ordinarily, a defendant is not entitled to a list of the names and addresses of the government's witnesses."  United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.), cert. denied, 510 U.S. 903 (1993) (citing Fed. R. Crim. P. 16); United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984) (holding that the Sixth Circuit "has firmly established that defense counsel is not entitled to know in advance of trial who will testify for the government"); see also United States v. Dark, 597 F.2d 1097, 1099 (6th Cir.), cert. denied, 444 U.S. 927 (1979).  With regard to this rule, the Sixth Circuit has observed that "[e]ven if one argues that broader discovery rules in this area 'might be desirable, the Constitution surely does not demand that much.'" McCullah, 745 F.2d at 353 (quoting United States v. Agurs, 427 U.S. 97, 109 (1976)).

This rule is tempered by the government's obligation under Brady v. Maryland, 373 U.S. 83, 87 (1963), to provide the defendant with information that is favorable to his defense and material to either guilt or punishment. The government "acts at its own peril" if it fails to provide Brady materials

in a timely fashion.  <u>United States v. Presser</u>, 844 F.2d 1275, 1281 (6th Cir. 1988).  On the other hand,

> [i]t does not follow from the prohibition against concealing evidence
> favorable to the accused that the prosecution must reveal before trial
> the names of all witnesses who will testify unfavorably.  There is no
> general constitutional right to discovery in a criminal case, and <u>Brady</u>
> did not create one; as the Court wrote recently, "the Due Process
> Clause has little to say regarding the amount of discovery which the
> parties must be afforded. . . ."
>
> <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977) (quoting <u>Wardius v. Oregon</u>, 412
> U.S. 470, 474 (1973)).

There appears to be some tension in the case law regarding whether a court has the discretion to order the government to produce a witness list even though Rule 16 does not require it.  <u>Compare United States v. Kendricks</u>, 623 F.2d 1165, 1168 (6th Cir. 1980) (holding that the district court has the discretion to order the prosecution to produce a witness list), <u>with</u> <u>Presser</u>, 844 F.2d at 1285 (holding that Rule 16 provides no authority for compelling the government to disclose <u>Brady</u> material or any other evidence not required by the rule pretrial).  Even in holding that Rule 16 does not allow for discovery beyond its scope, the Sixth Circuit has noted that "a trial court may have some inherent power to enter specific orders compelling the disclosure of specific evidence when justice requires it," although it may not disregard specific statutory provisions such as the Jencks Act.  <u>Id.</u> at 1285 n.12.

The Court does not find that justice requires disclosure of the government's witness list in the present case.  Accordingly, Defendant Newman's Motion For A List of Government Witnesses and Addresses **[Doc. 35]** is **DENIED**.

### 7. FOR SEVERANCE FROM UNKNOWN CO-DEFENDANTS [DOC. 36]

At the time Defendant Newman filed her Motion for Severance from Unknown Co-Defendants [Doc. 36], portions of the instant indictment remained under seal. Of specific concern to this motion, names of certain co-defendants who remained at large had been redacted. The indictment has since been unsealed and the identities of all persons charged in this instrument are known. This being the concern of Ms Newman's motion, it has become moot and **[Doc. 36]** is **DENIED.**

### 8. MOTION FOR A RULE 17.1 PRETRIAL CONFERENCE TO DISCUSS PENDING DISCOVERY AND NOTICE MOTIONS [DOC. 67]

Defendant Newman asks the Court to set a pretrial status conference to address certain pending requests for disclosure. The Court has scheduled a Pre-Trial Conference date for August 29, 2007, at 9:30 a.m. As the Court intends to address all outstanding pretrial motions in the instant Order, an additional pretrial conference for the purposes stated by Ms Newman is unnecessary. Ms Newman's Motion For a F.R.Crim.P. 17.1 Pretrial Conference To Discuss Pending Discovery and Notice Motions **[Doc. 67]** is **DENIED**.

### 9. ALL AGENCIES TO PROVIDE FILES TO PROSECUTING ATTORNEY [DOC. 69]

Defendant Newman moves [Doc. 69] for an order requiring all participating agents and/or agencies cooperating in this investigation to disclose and provide to the prosecuting attorney in this case all materials in their possession, custody or control that may relate to Ms Newman's rights to discovery. The defendant contends that most of the persons investigated in this case have been previously investigated or prosecuted by different agencies, and that providing these files to the prosecutor will enable him to review all available information, so as to discharge his Rule 16(a)(1) and <u>Brady-Kyles</u> disclosure obligations.

The government responds [Doc. 128] that Kyles v. Whitley, 514 U.S. 419 (1995), cannot be read as either imposing a duty on the prosecutor to learn of information by other government agencies that have no involvement in the prosecution at issue, or as requiring that all information and materials pertaining to a case be transferred from investigative agencies to the Office of the United States Attorney. Next, the government contends that an order of this magnitude would impermissibly interfere with its method for making such disclosures. It furthermore states that it is not equipped to be the repository of all the information and material compiled in a case. Finally, the government notes that the Defendant's motion extends to "all materials" and contends that it is not prepared or equipped to assume custody of all materials, like drugs, firearms, or contraband. The government states to the Court that it is well-aware of its obligations under Brady and will take the necessary steps to comply with its discovery obligations.

According to Brady v. Maryland, "the suppression by the prosecution of evidence favorable to an accused...violates due process where the evidence is material either to guilt or to punishment irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). In order to comply with Brady, the "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in this case, including the police." Kyles v. Whitley, 514 U.S. 419, 437 (1995). Supreme Court precedent does not, however, require possession to trigger the prosecutor's duty to disclose, and in fact, holds quite the opposite. In Kyles the Court expressly rejected the state's argument that it had no duty to disclose materials known only to the police and not to the prosecution. Id. at 438. Therefore, the Brady rule extends to evidence "known only to police investigators and not to the prosecutor." Strickler v. Greene, 527 U.S. 263, 280-81 (1999) (quoting Kyles, 514 U.S. at 438).

The Court's Order on Discovery and Scheduling [Doc. 7] states the government "shall comply with Rule 16(a)(1)(A)-(F)" of the Federal Rules of Criminal Procedure and in paragraph E, specifically states that:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>United States v. Agurs</u>, 427 U.S. 97 (1976) (exculpatory evidence), and <u>United States v. Bagley</u>, 473 U.S. 667 (1985) (impeachment evidence).

The Court finds that it has already ordered the government to turn over materials within the scope of <u>Brady</u>. Furthermore, the government has acknowledged its duty under <u>Brady</u> and <u>Kyles</u>, and has stated that it is taking the necessary steps to comply with its discovery obligations. To the extent that the defendant relies on its motion, the Court finds it overly broad in that the request appears to impose a greater duty on the prosecutor in this case than that required by <u>Kyles</u>. Accordingly, Ms Newman's Motion for an Order That All Participating And Cooperating Law Enforcement Agencies Provide Files Pertaining To The Alleged Conspiracy Or the Alleged Participants To The Prosecuting Attorney **[Doc. 69]** is **DENIED.**

## 10. REVISE SCHEDULING ORDER [DOC. 70]

Defendant Newman moves [Doc. 70] to revise the Order on Discovery and Scheduling [Doc. 16] to remove footnote 1 on page 2 and to define the standard for discovery of materials under Rule 16(a)(1)(E) and (F) consistent with the standard set out in <u>United States v. Lloyd</u>, 992 F.2d 348 (C.A.D.C., 1993). Specifically, the defendant takes issues with the provision in footnote 1 that limits "material to preparing the defense" to only matters that "refute the government's arguments that defendant committed the crime charged." Defendant Newman argues this language

"incorrectly expands the holding in <u>United States v. Armstrong</u>, 517 U.S. 456 (1996)" and implies that there are "defenses" for which the government is not required to provide discovery of information "material to preparing [that] defense." He argues that the standard set forth in <u>Lloyd</u> is the better standard because <u>Armstrong</u> only holds that "selective prosecution"motion to dismiss is not a "defense," whereas <u>Lloyd</u> remains valid to defenses other than selective prosecution.

Relying on the language set forth in <u>Lloyd</u> and urging the Court to adopt same, Defendant Newman specifically argues that the numerous documents, presentence reports and convictions that pertain to criminal activity of witnesses the government will call in its case-in-chief are "material to preparing the defense" and must be disclosed as Rule 16(a)(1)(E) discovery. Ms Newman contends that the government is not permitted to "bootstrap non-discovery" of these non-statement Rule 16(a)(1)(E) and (F) materials until trial under <u>United States v. Presser</u>, 844 F.2d 1275 (1988).

The government responds [Doc. 123] that while the defendant criticizes footnote 1 of the Court's Order on Discovery and Scheduling as being an inaccurate definition, it contends that the Court's definition is accurate in that it specifically recites the Supreme Court's definition of same in <u>Armstrong</u>. Furthermore, citing <u>Presser</u>, it argues that the defense is not entitled to pretrial disclosure of impeachment material. Additionally, it contends that the government need not disclose impeaching material in its possession relating to any potential defense witness where that impeaching material does not meet the <u>Brady v.Maryland</u>, 373 U.S. 83 (1963), test as being material *and* exculpatory. The Court's Order on Discovery and Scheduling [Doc. 7, para. B(3), fn.1] states:

> **B.** The government shall permit the defendant to inspect and copy the following items or copies or portions thereof, or supply copies or portion thereof, which are within the possession, custody or control of the government, or the existence of which is known or by the exercise of due diligence may become known to the government:

16

**3.** Book, papers, documents, photographs, tangible objects, building or places which are ***material to the preparation of the defendant's defense*** or which the government intends to use as evidence at trial to prove its case-in-chief, or were obtained from or belong to each defendant.. <u>See</u> fn 1.

**Fn 1.** The United States Supreme Court has held that the phrase "material to the preparation of the defendant's defense" as used in Rule 16(a)(1)(E)(I), Fed.R.Cr.P. (formerly Rule 16(a)(1)(C), means material to the defendant's direct response to the government's case-in-chief. In other words, "the defendant's defense" encompasses only that part of the defendant's defense which refutes the government's arguments that defendant committed the crime charged. <u>United States v. Armstrong</u>, 517 U.S. 456 (1996).

The defendants in <u>Armstrong</u>, who were indicted for selling crack and using a firearm in connection with drug trafficking, moved for discovery on a claim of selective prosecution. <u>Armstrong</u>, 517 U.S. at 462. Citing Rule 16(a)(1)(C), the defendants argued that the documents "within the possession...of the government" that discussed the government's prosecution strategy for cocaine cases were "material" to the defendants' selective prosecution claim. <u>Id</u>. More specifically, the defendants argued that Rule 16(a)(1)(C) applied because any claim that "results in nonconviction" if successful is a "defense" for the Rule's purposes, and a successful selective prosecution claim would have that effect. <u>Armstrong</u>, 517 U.S. at 462.

The Supreme Court rejected the defendants' argument, concluding that:

> In the context of Rule 16, 'the defendant's defense' means the defendant's response to the government's case-in-chief. While it might be argued that as a general matter, the concept of a "defense" includes any claim that is a "sword," challenging the prosecution's conduct of the case, the term may encompass only the narrower class of "shield" claims, which refute the government's arguments that the defendant committed the crime charged.
> <u>Armstrong</u>, 517 U.S. at 462.

The Court finds that it has not expanded the holding in <u>Armstrong</u> in its Order on Discovery and Scheduling [Doc. 16]. In keeping with <u>Armstrong</u>, the Court defines the "defendant's defense" to mean that which is "material to the defendant's direct response to the government's case-in-chief." To the extent that Defendant Newman contends that <u>Armstrong</u> only holds that a "selective prosecution" motion to dismiss is not a defense for purposes of Rule 16, the Court disagrees. The Supreme Court in <u>Armstrong</u> rejected the defendant's argument that "*any claim* that 'results in nonconviction'" if successful is a 'defense' for the Rule's purposes," and instead, concluded that "[i]n the context of Rule 16, 'the defendant's defense' means the defendant's response to the government's case-in-chief....[or that] which refute[s] the government's arguments that the defendant committed the crime charged." <u>Armstrong</u>, 517 U.S. at 462.

Furthermore, to the extent that Defendant Newman is requesting impeachment material, the defendant is entitled to impeachment material that meets the <u>Brady</u> test and Rule 16(a)(1)(E), with timing of the disclosure governed by <u>Presser</u> and its "in time for use at trial" mandate. [Doc. 7, para. E]; <u>see</u> <u>United States v. Farley</u>, 2 F.3d 645, 654 (6th Cir. 1993) (citing, <u>Presser</u>, 844 F.2d at 1284,"this Court has held that due process requires only that disclosure of exculpatory material be made in sufficient time to permit the defendant to make effective use of that material at trial"). The government has acknowledged its duty to disclose <u>Brady</u> material.

Accordingly, Defendant Newman's Motion To Revise The Scheduling Order And Define What Is "Material To Preparing The Defense" **[Doc. 70]** is **DENIED**.

### 11. COMPEL RULE 16(A)(1) DISCOVERY MATERIAL [DOC. 71]

Defendant Julia Newman moves to compel discovery requested of the prosecution. [Doc.

71].  Defendant Newman accurately observes that "Discovery under Rule 16(a)(1) is required to be provided according to the scheduling order regardless of whether a specific notice of that evidence is not due until some later date." [Doc. 71 at 2].  Ms Newman requests the government immediately produce any evidence that it intends to offer under the following provisions:

A.  Federal Rule of Criminal Procedure 16(a);
B.  Federal Rule of Evidence 404(b);
C.  Federal Rule of Evidence 608;
D.  Federal Rule of Evidence 609;
E.  Federal Rule of Evidence 702;
F.  Federal Rule of Evidence 703;
G.  Federal Rule of Evidence 801;
H.  Federal Rule of Evidence 803;
I.   Federal Rule of Evidence 804 and
J.   Federal Rule of Evidence 807.

The government responds [Doc. 128] simply that it is aware of the obligations imposed by the rules cited by Ms Newman, has complied and will continue to maintain compliance.

The Court's Order on Discovery and Scheduling has unambiguously set out the standards and time frames for information disclosure that the Court expects from the parties.  If a specific dispute exists, the parties are encouraged to first attempt to resolve their disagreement without intervention by the Court, failing those efforts a *specific* dispute should be brought to the Court's attention.  Defendant Newman's Motion To Compel F.R.Crim.P. Rule 16(a)(1) Discovery Pertaining To Evidence Offered Under F.R.E. Rules 404(b), 608, 609, 702, 703, 801, 803, 804 or 807 **[Doc. 71]** is **DENIED**.

## 12.  DISCOVERY PERTAINING TO FEDERAL RULES OF EVIDENCE 702 AND 703 [DOC. 72]

Defendant Julia Newman moves to compel discovery of papers, documents and data pursuant to Federal Rules of Evidence 702 and 703.  [Doc. 72].  Ms Newman contends that it is a practice in this District to only produce a summary report of an expert in Rule 16 discovery.  Counsel for

Ms Newman maintains that Fed. R. Crim. P. Rule 16(a)(1)(E) permits discovery of any papers, documents or data if (1) material to the preparation of the defense or (2) the government intends to use the item in its case-in-chief; Rule 16(a)(1)(F) provides for discovery of reports; and F.R.E. 702 and 703 permit expert opinions based on reliable expert facts and data.  Defendant Newman argues that discovery of papers, documents and facts and data upon which an expert report on evidence the government intends to offer into evidence is discoverable and should be produced at the earliest opportunity to assist the defense in preparing and/or filing motions for <u>Daubert-Kuhmo Tire</u> hearings on the admissibility of that testimony.

The government responds [Doc. 128] that it has and will continue to comply with Rule 16 of the Federal Rules of Criminal Procedure as it pertains to the discovery of reports of physical or mental examination and any scientific tests or experiment.  It notes that the Court's Order on Discovery and Scheduling requires the government to provide to defendant at least three weeks prior to trial any evidence discoverable under Rule 16(a)(1)(G), and states that it will comply with the Court's time table.  The government also states that, to the extent the defendant requests discovery beyond that permitted by Rule 16, it opposes the defendant's motion.

The Court's Order on Discovery and Scheduling [Doc. 16, ¶ A(3)] states that the government shall comply with Rule 16(a)(1)(A)-(F) by October 12, 2005 and, more specifically, shall supply copies thereof, or permit the defendant to inspect and copy:

> Results or reports of physical or mental examinations, and of scientific tests, including, without limitation, any handwriting analysis or experiments, which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial, and, as soon as possible but *at least three weeks before trial*, unless the Court orders otherwise.

The Court finds that it has already ordered the government to turn over the discovery materials which Ms Newman seeks in her motion. Furthermore, the government submits that it has and will continue to abide by the Court's Order. Accordingly, Defendant Newman's Motion To Compel Fed. R. Crim. P. Rule 16(a)(1) Discovery Pertaining to Evidence Offered Under F.R.E. Rules 702, 703 **[Doc. 72]** is **DENIED as moot.**

### 13. MOTION TO COMPEL [DOC. 73]

Ms Newman moves the Court to order the government to produce a laundry list of certain items in her Motion to Compel Federal Rules of Criminal Procedure, Rule 16(a)(1) Discovery Related to Discovery Produced [Doc. 72]. The government responds that it has provided the information sought to the extent it is required to do so. [Doc. 128]. The Court finds that it has previously addressed disclosure pursuant to Rule 16 in its Order on Discovery and Scheduling [Doc. 16]. Further, the Court observes that the government has given notice that it has provided extensive additional material to the defendants as a group since the date Ms Newman filed this request, January 11, 2007. [Doc. 125] and [Doc. 132]. Defendant Newman's Motion to Compel Federal Rules of Criminal Procedure, Rule 16(a)(1) Discovery Related to Discovery Produced **[Doc. 73]** is **DENIED** as moot. To the extent that photographs or copies of photographs or copies of documents are of such poor quality that they are not realistically useable by the defense, all counsel are encouraged to resolve this issue without intervention of the Court. Should a dispute continue about the quality of copies provided, the seeking party should file a specific motion to compel with the substandard copy, or an example page thereof, attached as an exhibit.

### 14. MOTION TO COMPEL DISCOVERY FOR ANY DETERMINATIONS THAT THE GOVERNMENT WILL RELY ON AT SENTENCING [DOC. 74]

Defendant Newman moves to compel discovery of any evidence the government intends

to provide for a presentence report or at a sentencing hearing that is subject to Rule 16(a)(1) of the Federal Rules of Criminal Procedure. [Doc. 74] Defendant Newman relies in part upon <u>United States v. Markin</u>, 263 F.3d 491, 498 (6th Cir. 2001), that held discovery was appropriate for sentencing issues, and the provisions of <u>Brady-Kyles</u> that apply to both trial and sentencing.

The government responds [Doc. 128] that defendant is not entitled to the material requested, and relies upon the Supreme Court's holding in <u>United States v. Armstrong</u> which limited the phrase "material to the preparation of the defense" to the "defendant's response to the government's case in chief." 517 U.S. 456, 462 (1996). The government contends that the defendant's instant request does not deal with a response to the government's case-in-chief, but rather to calculation of sentencing guidelines in the event defendant is convicted after presentation of the government's case-in-chief. Citing <u>United States v. Williams</u>, 977 F.2d 866, 870-71 (4th Cir. 1992), the government notes that the Court declined to extend pretrial discovery to factors effecting sentencing guidelines calculations.

The Court does not find that <u>Markin</u> stands for the proposition that a defendant is entitled to discover the information requested by the defendant or that Fed. R. Crim. P. Rule 16(a)(1) permits the same. The Court does not find any persuasive authority for the request made by Ms Newman and, furthermore, agrees with the holding in <u>Williams</u>, in which the Fourth Circuit declined to extend pretrial discovery to factors effecting sentencing guideline calculations. Additionally, the Court finds that the defendant's request is beyond that "material to the preparation of the defense" to the "government's case-in-chief" so as to come within Fed. R. Crim. P. Rule 16 or <u>Armstrong</u>. To the extent the request made by the defendant is <u>Brady-Kyles</u> material, the government's obligations have been set forth herein. Accordingly, Defendant Newman's Motion To Compel Discovery For Any Determinations That The Government Will Rely on at Sentencing

**[Doc. 74]** is **DENIED**.

### 15. MOTION TO COMPEL DISCOVERY FOR THE FORFEITURE TRIAL [DOC. 75]

Defendant Newman moves the Court to order the government to disclose its position as to discovery pertaining to issues of asset forfeiture and to make a determination what discovery disclosure is appropriate. [Doc. 75]. The government has responded merely by reference to its response to a different discovery request relating to witness information. [Doc. 128]. The government's position seems to be that it has and will continue to comply with Rule 16 and the Order on Scheduling and Discovery. Although the response is nebulous, the Court is left with no specific discovery dispute to address. Accordingly, Ms Newman's Motion to Compel Discovery For The Forfeiture Trial **[Doc. 75]** is **DENIED**.

### 16. DEFENDANT NEWMAN'S MOTION TO COMPEL DISCOVERY OF RULE 16(A)(1)(E)(I) ITEMS "MATERIAL TO PREPARING THE DEFENSE" TO IMPEACH GOVERNMENT WITNESSES [DOC. 76]

### AND

### DEFENDANT GRAY Y. JORDAN'S MOTION FOR DISCLOSURE OF IMPEACHING INFORMATION [DOC. 123]

Defendant Newman and Defendant Gray Jordan make an omnibus request for all information and material known to the government or in the possession of the government which may be described as exculpatory or favorable to their respective defenses, including any information that may be used for the impeachment of government witnesses called to testify at trial, [Doc. 76]. The information sought has largely been previously addressed in the Court's Order on Discovery and Scheduling [Doc. 16]. As to Ms Newman's request for the criminal records of government witnesses, see Order on Discovery and Scheduling [Doc. 16] at ¶ F. As to material to be used in impeachment of government witnesses, the Court's Order on Discovery and

Scheduling [Doc. 16] at paragraph E provides:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>United States v. Agurs</u>, 427 U.S. 97 (1976) (exculpatory evidence), and <u>United States v. Bagley</u>, 473 U.S. 667 (1985) (impeachment evidence).

The Court finds that it has already specifically ordered the government to turn over materials within the scope of <u>Brady</u> and <u>Kyles</u>. Should the defendant become aware of specific material that may be subject to this provision, she may make a specific <u>Brady</u> request of the government, then bring the matter to the attention of the Court if necessary.

Ms Newman also moves the Court enter an order requiring the government to submit a written description of Jencks Act materials to the Court for *in camera* review and determination. Defendant argues that early disclosure is necessary to allow defendant time to review the statements and prepare for the cross-examination of government witnesses. There is no requirement in either The Jencks Act at 18 U.S.C. § 3500 or Federal Rule of Criminal Procedure 26.2 requiring the government to produce statements by government witnesses, *in camera* or otherwise, until after the witness has testified at trial and Ms Newman cites no additional authority for her request. Nothing in the Jencks Act provides a basis for the Court to order early disclosure. <u>United States v. Algie</u>, 667 F.2d 569 (6th Cir. 1982).

The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena,

> discovery, or inspection until said witness has
> testified on direct examination in the trial of the case.

18 U.S.C. § 3500; <u>see also</u> Fed. R. Crim. P. 26.2.

As described by the Sixth Circuit, "the Jenks Act generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial. The defendant is only entitled to the statement *after* the witness has testified. " <u>United States v. Short</u>, 671 F.2d 178, 185 (6th Cir. 1982) (emphasis added). "The clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial." <u>United States v. Presser</u>, 844 F.2d 1275, 1283 (6th Cir. 1988). Thus, in the present case, the defendants are not entitled to inspect the statements of the government's witnesses unless and until they testify at trial and the Court has no basis to order the production of Jencks Act materials for *in camera* review. Ms Newman's request that the government be ordered to file a written description of any Jencks material for *in camera* review is rejected.

To the extent that the defendants seek impeachment evidence generally referred to as <u>Giglio</u> material, the substance of that request has been addressed by this Court's Order on Discovery and Scheduling [Doc. 5] at paragraph E. <u>Giglio v. United States</u>, 405 U.S. 150 (1972); <u>see also</u> <u>United States v. Bagley</u>, 473 U.S. 667, 676 (1985).

Most relief sought in these motions has been addressed by the Order on Discovery and Scheduling [Doc. 16]; the defendants have not persuaded the Court that there is a basis for extraordinary relief otherwise. Accordingly, the Motion to Compel Discovery of F.R.Crim.P. 16(a)(1)(E)(I) Items "Material to preparing the Defense" to Impeach Government Witnesses; Defendant Gray Y. Jordan's Motion For Disclosure Of Impeaching Information, respectively **[Doc.**

**76]** and **[Doc. 113]** are **DENIED**. The procedure which may be followed at trial following the production of any witness statements will be designated by the trial court.

### 17. MOTION TO COMPEL TIMELY DISCLOSURE OF SPECIFIC BRADY-KYLES MATERIALS AS TO TESTIMONIAL EVIDENCE FROM COOPERATING WITNESSES [DOC. 77]

#### AND

### MOTION FOR SPECIFIC BRADY-KYLES MATERIALS BE PROVIDED THE DEFENSE SIXTY (60) DAYS PRIOR TO TRIAL, OR, IN THE ALTERNATIVE FOR A CONTINUANCE AFTER BRADY-KYLES MATERIALS ARE PROVIDED [DOC. 81]

#### AND

### MOTION FOR DISCOVERY OF WRITTEN SUMMARY OF EXPERT TESTIMONY; FACTS AND DATA UNDERLYING EXPERT TESTIMONY; AND QUALIFICATIONS OF EXPERT WITNESSES AND IN LIMINE TO SUPPRESS EXPERT TESTIMONY FOR WHICH THE GOVERNMENT FAILS TO MAKE ADEQUATE PRETRIAL DISCLOSURE [DOC. 89]

The Court finds the substance of these three motions have each been unambiguously addressed in the Order on Discovery and Scheduling [Doc. 16], and the pretrial filings do not state any meritorious additional grounds for relief. As such, **[Doc. 77]**, **[Doc. 81]**, and **[Doc. 89]** are **DENIED**.

### 18. MOTION FOR RULE 608 MATERIAL [DOC. 85]

Ms Newman cites both Federal Rules of Evidence Rule 608 and Rule 609 in her request for pretrial disclosure of certain material that may by presented by the government during cross-examination, should she elect to testify at trial.

Federal Rules of Evidence Rule 608[2] permits a party to challenge the credibility of a witness by introducing evidence of the witness's reputation for truthfulness or untruthfulness. Rule 609 outlines the circumstances under which a witness may be impeached by evidence of a criminal conviction. Neither of these rules requires the government to give pretrial notice that it intends to use this type of evidence, except that it must give notice of intent to use a conviction that is over ten years old. See Fed. R. Evid. 608, 609(b).

Furthermore, the Court questions the practical applicability of requiring pretrial notice of evidence under these rules, especially Rule 609, as they deal with impeachment evidence. The Court recognizes that the "credibility of a witness may be attacked by any party, including the party calling the witness." Fed. R. Evid. 607.

The Court finds that the District Court, to whom issues of the admissibility of evidence at trial are entrusted, will be a better position to determine whether a pretrial, jury-out hearing is in order and the admissibility of this evidence in relation to the other evidence introduced at trial. Accordingly, to the extent Ms Newman requests pretrial disclosure of Rule 608 evidence of character or conduct and Rule 609 impeachment evidence disclosure, **[Doc. 85]** is **DENIED,** with the issue of the need for a pretrial, jury-out hearing being subject to renewal with the District Court at trial.

### 19. FOR 60-DAY PRETRIAL NOTICE OF GOVERNMENT'S INTENTION TO USE 404(B) TYPE EVIDENCE AND IN LIMINE SUPPRESSION OF 404(B) TYPE EVIDENCE [DOC. 86] AND

---

[2]"[E]vidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." Fed. R. Evid. 608(a). The rule does not permit the parties to introduce extrinsic evidence, other than a criminal conviction pursuant to Rule 609, to prove specific instances of conduct for truthfulness. Fed. R. Evid. 608(b). A court has discretion to permit cross-examination of a witness about specific instances of conduct probative of truthfulness or untruthfulness if the questioning relates to the witness's character for truthfulness or untruthfulness or to the truthful or untruthful character of another witness about whom the testifying witness has testified. Fed. R. Evid. 608(b).

Rule 404(b) provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This Court's Order on Discovery and Scheduling [Doc. 16 at ¶ I] states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. Ms Newman argues that a reasonable time for disclosure should be evaluated in connection with the timing of Rule 16(a)(1) disclosure, as both are fundamentally necessary to prepare for a trial. Ms Newman suggests sixty days as a reasonable time for disclosure because that is a period of time deemed reasonable for trial preparation by the Speedy Trial Act.

The government resists the request, arguing that seven days as provided in the Order on Scheduling and Discovery is reasonable and adequate for the defense to lodge an objection to any Rule 404(b) evidence. [Doc. 128]. The government argues that the notice is not a discovery tool but simply a mechanism to put the defendant on notice of evidence he may wish to challenge.

The Court has previously designated this case as unusual and complex. The preparation for the trial of this case was believed to warrant a continuance of some five months when this matter was initially before the Court in March, 2007. The Court finds that reasonable notice of the government's intention to use Rule 404(b) material in this case is deemed to be 14 calendar days before trial.

Accordingly, **[Doc. 86]** and **[Doc. 113]** are **GRANTED** to the extent that the deadline for disclosure is amended to 14 days before trial, and **DENIED** in all other respects. As the circumstances described herein apply to all defendants in this case, the 14 day deadline is applicable to all defendants.

### 20. **MOTION FOR BILL OF PARTICULARS [DOC. 78] AND [DOC. 121]**

Pursuant to Federal Rule of Criminal procedure 7(f), Defendant Newman and Defendant Gray Jordan move the Court to order the government to provide a Bill of Particulars for each, [Doc. 78] and [Doc. 121]. Ms Newman and Mr. Gray Jordan list information sought for each count of the indictment, and the Court has reviewed each of these specific requests. As the requests are nearly identical, the Court will address them in tandem:

### A. Particulars of Count 1

(1) The name and current address of each person "known" but unnamed, as co-conspirator in Count 1:

(2) The name of co-conspirators who were redacted from the indictment by         marker, or blacked-out (now moot);

(3)The specific place(s) charged in Count 1 as "elsewhere" that the defendant participated in the conspiracy charge in Count 1;

(4) The date these two defendants joined the conspiracy charged in Count 1;

(5) The place where the agreement was made that was the goal of the conspiracy charged in Count 1;

(6) Each act the government intends to offer into evidence to establish that these defendants acted in a manner to bring about the purpose of the conspiracy charged in Count 1;

(7) The date and place of each act, the Government intends to offer into evidence to establish that these two defendants acted in a manner to bring about the purpose of the conspiracy charged in Count 1;

(8) Persons present on each date and at each place of each act the government intends to offer into evidence to establish that these two defendants each acted in a manner to bring about the purpose of the conspiracy in Count 1;

(9) Each drug transaction in Count 1 that the government alleges these defendant are criminally responsible for under Pinkerton liability (citing United States v. Swiney, 203 F.3d 397, 401-402 (2000)); and

(10) The name and current address of each person known to the government that claims to have provided to or obtained drugs from these defendants during the course of the conspiracy.

## B. Particulars of Count 2

(1) The name and current address of each person "known" but unnamed, as co-conspirator in Count 2;

(2) The specific place(s) charged in Count 1 as "elsewhere" that these defendants participated in the conspiracy charge in Count 2;

(3) The date Defendant Newman and Defendant Gray Jordan joined the conspiracy charged in Count 2;

(4) The place where either of these defendants made an agreement that was the goal of the conspiracy charged in Count 2;

(5) The nature, date and place of each financial transaction the government intends to offer into evidence to establish that Defendant Newman or Defendant Gray Jordan committed the conspiracy charged in Count 2;

(6) The nature, date and place of each financial transaction the government intends to offer into evidence committed by a co-conspirator establish the conspiracy charged in Count 2;

(7) The name and current address of each person known to the government that claims either of these two defendants or a co-conspirator conducted a financial transaction in the conspiracy in Count 2;

(8) Persons present during each financial transaction the government intends to offer into evidence to establish the conspiracy in Count 2; and

(9) Each financial transaction in Count 2 that the government alleges Defendant Newman or Defendant Gray Jordan is criminally responsible for co-conspirator vicarious liability (citing United States v. Swiney, 203 F.3d 397, 401-402 (2000)); and

## C. Particulars of F.R.E. Rule 801(d)(2)(E) Co-Conspirator Statements

(1) The substance of the statements to be introduced by the government under F.R.E. 801(d)(2)(E);

(2) The identity of the person making the statements;

(3) When those statements were made, where those statements were made, and to whom they were made; and

(4) A summary of the evidence which the government will present to establish the existence of the conspiracy, the defendant was a member of that conspiracy, and that the statements were made during and in furtherance of the conspiracy.

## D. Particulars of F.R.E. Rule 404(b) Acts or Conduct

(1) Each uncharged act or conduct the government intends to introduce pursuant to F.R.E. Rule 404(b);

(2) The date and place of each Rule 404(b) uncharged act or conduct;

(3) Persons who were present at the time of each said Rule 404(b) uncharged act or conduct;

(4) The specific "other purpose" for which said uncharged acts or conduct are offered under F.R.E. Rule 404(b).

## E. Particulars for Fed. R. Crim. P. Rule 11 Evaluation and Sentencing

(1) The specific amount of drugs under USSG § 2D1.11 the government asserts constitute Defendant Newman's or Defendant Gray Jordan's foreseeable conduct of the conspiracy in Count 1 of the indictment to determine the offense level;

(2) The names of any participants in the conspiracy who might fall within United States Sentencing Guidelines (U.S.S.G.) § 3B1.1;

(3) U.S.S.G. Chapter Three adjustments the government asserts are applicable to Defendant Newman or to Defendant Gray Jordan for either of their role in the charged conspiracy; and

(4) The amount of drugs or money these two defendants are individually accountable for at sentencing pursuant to U.S.S.G. § 1B1.3 as relevant conduct to Count 2.

The government responds that the information turned over to defendants in discovery provides most of the information sought. [Doc. 128] and [Doc. 129]. The government asserts that the defendants in this case have a great deal of information about the specifics of the prosecution's case, this having been provided in such disclosures as DEA-6 forms, search warrant affidavits addressing other persons in the alleged conspiracy, affidavits in support of wire interception applications and publically available plea agreements. [Doc. 128]. The government also argues that, in any event, the defendants are not entitled to know more about the government's case in a bill of particulars. The government argues that the indictment is adequately specific and contains the elements of the offenses for purposes of Double Jeopardy.

The requests of Defendant Newman and Defendant Gray Jordan must be analyzed in the context of the body of law pertaining to bills of particulars, but the Court will address each request in turn. As a threshold matter, the Court observes the language of Federal Rule of Criminal Procedure 7(f):

> [t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

The Sixth Circuit has had repeated occasion to speak to bills of particulars. "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993). The granting of a bill of particulars is within the court's discretion. See Id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other grounds by statute, United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

The government is not required to furnish in a bill of particulars the names of co-conspirators or other persons present when the defendant allegedly participated in the conspiracy. United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991). In this respect, the Sixth Circuit rule is that:

> [a] defendant may be indicted and convicted despite the names of her co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction. As long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators. "It is the grand jury's statement of the 'existence of the conspiracy agreement rather than the identity of those who agree' which places the defendant on notice of the charge he must be prepared to meet."

Rey, 923 F.2d at 1222 (citations omitted) (quoting United States v. Piccolo, 723 F.2d 1234, 1239 (6th Cir.1983), cert. denied, 466 U.S. 970 (1984) (in turn quoting United States v. Davis, 679 F.2d

845, 851 (11th Cir.1982)). The Court finds that there is no basis to require the government to reveal the names of unindicted co-conspirators. United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004). The Court finds that there is no basis to require the government to reveal the names of unindicted co-conspirators. United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004).

The Court likewise observes that "a defendant is not entitled to discover all the overt acts that might be proven at trial." Salisbury, 983 F.2d at 1375. Accordingly, the Court finds that the government is not required to divulge the details of such acts which the defendant seeks through a bill of particulars.

Next, Ms Newman seeks the date on which the government alleges that the defendants joined the conspiracy and the specific place(s) where the agreement is alleged to have occurred. The Court notes that the Sixth Circuit has upheld the denial of a request for particularization of the dates of a defendant's involvement in a conspiracy when the indictment gave the beginning and ending dates of the alleged conspiracy. See United States v. Robinson, 390 F.3d 853, 867 (6th Cir. 2004); United States v. Hayes, No. 88-5967, 1989 WL 105938, ** 3 (6th Cir. Sept. 14, 1989). The Sixth Circuit upheld the district court's denial of a bill of particulars in Robinson, in which the defendant, who was charged with conspiracy to distribute marijuana and cocaine from April 1999 to August 2004, alleged in part that a bill of particulars was necessary to identify the scope of the conspiracy. Robinson, 390 F.3d at 867. In Hayes, the Court held that the failure to provide the precise date that a defendant joined a conspiracy when the indictment alleged it lasted from "early 1987 to November 17, 1987," was not error because "the indictment was not so vague that [the defendant] could not discern the nature of the charges pending against him and the time frame in which the alleged acts occurred, or that the indictment did not provide him with adequate information to prepare a defense." Hayes, No. 88-5967, at ** 3.

Although these cases suggest that the provision of more specific dates beyond the broad time frame alleged in the indictment is not necessary, the Sixth Circuit has also upheld the provision of more specific dates of a coconspirator's involvement when the trial court exercised its discretion to order those dates disclosed.  See, e.g., United States v. Arnold, 890 F.2d 825, 829 (6th Cir. 1989) (holding that the defendant was not misled by a bill of particulars providing the defendants were involved in the conspiracy prior to the arrival of a certain shipment of marijuana and during the several weeks comprising the distribution phase of the conspiracy); see also United States v. Dempsey, 733 F.2d 392, 394 (6th Cir. 1984) (concluding that a bill of particulars giving the approximate date that each defendant entered the conspiracy gave adequate notice of the charges). Thus, the necessity of providing a bill of particulars giving the dates of an alleged conspirator's involvement turns upon the information available to that defendant from the indictment and discovery or other sources in his or her particular case.

In the present case, the Court finds that the indictment alleges a time frame of approximately 11 years during which the charged conspiracies purportedly occurred.  The length of this time frame suggests the need for additional particularization in order for the defendant to prepare a defense to the charges.  On the other hand, the Court finds that the government has provided the defendant with extensive discovery, as described above.  While both the indictment and the government's discovery production has ostensibly provided  information on the dates and locations where the defendants conspired, the Court nevertheless finds, given that the conspiracy is alleged to have spanned over 11 years, that Ms Newman is entitled to know the locations of their actions in furtherance of the conspiracy, denominated as "elsewhere" in the indictment,.  This information is necessary for the Ms Newman's preparation to defend the charged offenses.

With regard to the amounts of marijuana involved and the dollar amount and dates the defendants received proceeds from their activities, the indictment alleges a total amount of marijuana involved in the conspiracy as a whole. The defendants' request for the specific amounts and dates involved in each transaction is akin to a request for overt acts or general discovery to which they are not entitled. The Court finds that the indictment is sufficiently specific on the quantities of marijuana for the defendants to know how much the government seeks to prove and their potential exposure for sentencing.

The Sixth Circuit has approved the provision of the dates that a defendant is alleged to have conspired. See, e.g., United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991) (observing that the defendant knew the relevant dates in holding that he was not entitled to know the names of co-conspirators); United States v. Fears, 450 F. Supp. 249, 251 (E.D. Tenn. 1978) (directing, without further analysis, the government to file a bill of particulars giving the date and approximate hour the defendant allegedly made the telephone call charged in the indictment). On the other hand, the failure to provide the precise date that a defendant joined a conspiracy when the indictment alleged it lasted from "early 1987 to November 17, 1987," was not error because "the indictment was not so vague that [the defendant] could not discern the nature of the charges pending against him and the time frame in which the alleged acts occurred, or that the indictment did not provide him with adequate information to prepare a defense." United States v. Hayes, No. 88-5967, 1989 WL 105938, at * 3 (6th Cir. Sept. 14, 1989), cert. denied, 493 U.S. 1030 (1990).

The indictment alleges that the conspiracy in this case existed from 1995 to August 1, 2006. To the extent that the defendant Julia Newman's involvement or Gray Jordan's involvement in the conspiracy was a time period shorter than the entire conspiracy, the government shall be required to provide the dates that Defendant Newman and Defendant Gray Jordan entered the conspiracy and when

each of their respective participation in the conspiracy ended. The Court finds that Count One is vague as to the time frame of the conspiracy. The government shall provide the dates of these two defendants' involvement including the date when each of their participation ended along with providing additional particular information as to the location(s) of the alleged criminal activity, narrowing the scope of the language "and elsewhere" used in the indictment. Defendants' motions for bills of particulars **[Doc. 78]** and **[Doc. 121]** are **GRANTED** to the extent set forth herein and **DENIED** as to the remainder of the relief sought by defendants. With the exception of the aforementioned locations, the Court finds that the indictment in combination with the discovery already received is sufficiently detailed to give the defendants notice of the charges they are facing, to prevent unfair surprise at trial, and to prevent the defendants from twice being placed in jeopardy for these offenses.

### 21. IMMEDIATE NOTICE OF GOVERNMENT'S INTENT TO USE TAPE RECORDINGS OR TRANSCRIPTS AND FOR PRODUCTION OF TRANSCRIPTS [DOC. 94]

Defendant Julia Newman moves [Doc. 94] the Court to order the government to provide immediate notice of its intention to introduce tape recordings and the production of transcripts for the defense to determine whether a pretrial hearing on the issue of admissibility of the tape recordings and whether the transcripts are accurate pursuant to United States v. Robinson, 707 F.2d 872 (6th Cir. 1983).

The government responds [Doc. 128] that it provided the defendants with a copy of a CD containing selected transcripts and wire recordings. The government further stated that it intends to offer into evidence these recordings and transcripts. Further, if the government identifies any additional wire communications that it intends to introduce into evidence, the government will notify the defendants.

This Court's Order on Discovery and Scheduling requires the government to provide the defendants with any relevant written or recorded statements made by the defendant and any and all evidence which may be favorable to the defendant. [Doc. 16, ¶¶ A, E]. The government has represented that it has complied with the Order on Discovery and Scheduling and will continue to provide these materials as they are identified. Without some further showing of non-compliance, Defendant Newman's Motion For Immediate Notice of Government's Intent To Use Tape Recordings And For Production Of Transcripts **[Doc. 94]** is **DENIED as moot.**

## 22.  NOTICE OF THE GOVERNMENT'S INTENT TO USE AN INTERPRETER FOR ANY WITNESS AT MOTIONS HEARINGS OR TRIAL [Doc.  97]

Defendant Julia Newman moves [Doc. 97] the Court for an order to require the prosecution to provide notice thirty days prior to a motion hearing or trial of the government's intent to use an interpreter for any witness to provide Defendant Newman an opportunity to file a motion to determine the necessity of producing testimony of the witness through an interpreter. Counsel for Defendant Newman states that, at this time, he does not have any reason to believe that a foreign speaking witness will be involved in this prosecution, but contends that due process notice and an opportunity to be heard requires there be pretrial notice in the event the government intends to offer testimony through an interpreter.

The government opposes [Doc. 128] Defendant Newman's motion, stating that first, it is unaware of a need for an interpreter at trial, and furthermore noting that the Court provides, not the government, interpreters for judicial proceedings.

Courtroom use of interpreters is government by the Court Interpreters Act, 28 U.S.C. § 1827. See United States v. Camejo, 333 F.3d 669, 673 (6th Cir. 2003). The statue both provides rules for

the appointment of interpreters and outlines a minimal, general standard of interpreter performance.

Id. Specifically, 28 U.S.C. § 1827(d)(1)(A)-(B) requires that:

> The presiding judicial officer...shall utilize the services of the most available certified interpreter...in judicial proceedings instituted by the United States, if the presiding judicial officer determines on such officer's own motion or on the motion of a party that such party (including a defendant in a criminal case), or a witness who may present testimony in such judicial proceedings —
>> (A) speaks only or primarily a language other than the English language; or
>> (B) suffer from a hearing impairment (whether or not suffering also from a speech impairment)
>
> so as to inhibit such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer, or so as to inhibit such witness' comprehension of questions and the presentation of such testimony.

To the extent there is a need for an interpreter at a motion hearing or at trial, the Court, pursuant to 28 U.S.C. § 1827(d)(1)(A)-(B), shall provide same. In light of the fact that both the government and Defendant Newman are unaware of a need for an interpreter at this time, the Court finds there is no current basis to obtain the services of an interpreter in accordance with the above section. Accordingly, Defendant Newman's Motion For Notice Of The Government's Intent To Use An Interpreter For Any Witness At Motion Hearings or Trial **[Doc. 97]** is **DENIED.**

### 23. NOTICE OF ELECTRONIC SURVEILLANCE **[DOC. 120]**

Defendant Gray Jordan moves [Doc. 120] the Court to order the government to (1) notify the defendant whether there has been any electronic surveillance of any type, including wiretapping, conducted in connection with the investigation of this case, (2) furnish the defendant with an inventory of all recorded information, pursuant to Fed. R. Crim. P. 16(a)(1)(E), 12(d)(4); 18 U.S.C.

§ 2518(8) and (9); ABA Standards Relating to Discovery, Section 2.1, and finally (3) in the event there has been any electronic surveillance, Defendant moves the Court to order the government to provide the defendants with the contents of all such intercepted communications.  18 U.S.C. § 2510. The government responds [Doc. 129] that it has already provided these materials to the defendant, as noticed on January 31, 2007 [Doc. 125].

This Court's Order on Discovery and Scheduling requires the government to provide the defendants with any and all evidence which may be favorable to the defendant.  [Doc. 16, ¶¶ A, E]. Additionally, the government has represented that it has complied with Defendant Jordan's motion already.  Accordingly, Defendant Jordan's Request For Notice Of Electronic Surveillance **[Doc. 120]** is **DENIED as moot.**

## 24.  IN LIMINE SUPPRESSION OF ALL EXPERT TESTIMONY REGARDING MENS REA [DOC.  92]

Defendant Newman moves [Doc. 92] the Court, pursuant to Fed. R. Crim. P. Rule 12(b) and F.R.E. Rules 104, 404(b), 702 and 704(b), for an order in limine suppressing and directing the prosecutor to refrain from eliciting before the jury any statement, opinion or inference from any expert witness regarding the following matters:

> (1) whether any person or defendant did or did not have the intent, knowledge, motive, willfulness, deliberation, premeditation, plan, scheme, design, belief, or any other state of mind constituting an element of the offenses charged; and

> (2) common patterns or profiles of other criminal conduct, to show that the Defendant acted in conformity therewith; or

> (3) any other expert testimony for which no discovery has been provided.

Defendant Newman contends that expert testimony regarding ultimate issues of guilt or innocence of the accused, based on common patterns or profiles of other criminal conduct should be suppressed due to (1) relevance, prejudice and burden shifting, United States v. Santarpio, 560 F.2d 448, 455 (1st Cir. 1977), and (2) Federal Rule of Evidence 704(b) provides an exception for criminal cases, stating that ultimate issues are matters for the trier of fact alone. The defendant argues that because the offenses charged in the indictment in this case contain various mens rea elements of knowledge and intent, no expert witness should be permitted to testify as to any opinion regarding her state of mind, including her intent, plan, scheme, or knowledge during the relevant times of the indictment.

The government responds [Doc. 128] that it does not oppose the defendant's motion to the extent that it only requests the government to comply with the prohibition in Federal Rule of Evidence 704(b). To the extent it requests more, the government opposes. Specifically, the government opposes the defendant's motion, to the extent it moves to preclude the testimony of a law enforcement officer qualified as an expert in the area of the distribution of controlled substances, because the Sixth Circuit has approved such testimony concerning whether or not certain facts would be consistent with an intent to distribute a controlled substance. United States v. Combs, 369 F.3d 925, 940 (6th Cir. 2004).

The Sixth Circuit has held that "[l]aw enforcement officers may testify concerning the methods and techniques employed in an area of criminal activity and to establish 'modus operandi' of particular crimes. Knowledge of such activity is generally 'beyond the understanding of the average layman.'" United States v. Combs, 369 F.3d 925, 940 (6th Cir. 2004) (citing United States v. Pearce, 912 F.2d 159, 163 (6th Cir. 1990)). Rule 704(b) of the Federal Rules of Evidence, however, prevents an exert witness from testifying that a defendant in a criminal case did or did not

have the requisite mental state or condition constituting an element of the crime charged, as ultimate issues are matters for the trier of fact. Decisions applying Rule 704(b) to the expert testimony of law enforcement officials have found it significant whether the expert actually referred to the intent of the defendant or, instead, simply described in general terms the common practices of those who clearly do posses the requisite intent, leaving unstated the inference that the defendant, having been caught engaging in more or less the same practices, also possessed the requisite intent. <u>Combs</u>, 369 F.3d at 940 (citing, <u>United States v. Frost</u>, 125 F.3d 346, 383-84 (6th Cir. 1997)).

Initially, the Court notes that the government has agreed, in its written response, to comply with the prohibition in Federal Rule of Evidence 704(b). The Court also notes that the Sixth Circuit has held that a law enforcement officer qualified in an area of criminal activity may testify, in general terms, as to the common practices of those who possess the requisite intent to commit a particular crime. However, Rule 704(b) would bar a law enforcement officer from testifying that a particular criminal defendant did or did not have the requisite intent to commit the crime charged because this is an ultimate issue, which is a matter for the trier of fact. Accordingly, Defendant Newman's Motion <u>In Limine</u> To Suppress All Expert Testimony Regarding <u>Mens Rea</u> is **[Doc. 92]** is **GRANTED in part** in that the government is ordered to comply with Rule 704(b) and to refrain from eliciting testimony from any expert witness regarding whether Defendant Newman did or did not have the requisite mental state or condition constituting an element of the offenses charged. The defendant's motion is **DENIED** in all other respects.

### 25. RULE 615 WITNESS SEQUESTRATION AND ONLY ONE AGENT PRESENT [DOC. 93]

Defendant Newman moves [Doc. 93] the Court, pursuant to Federal Rule of Evidence 615, for the exclusion of witnesses at motion hearings and prior to voir dire. She also moves the Court, pursuant to Federal Rule of Evidence 615(3), that the Court conduct an evidentiary hearing to

determine whether the presence of a second government agent is essential to the presentation of the government's case.

The government responds [Doc. 128], stating that "the law in this circuit [is] settled that the case agent may remain in the courtroom even when other witnesses [are] being sequestered." United States v. Martin, 920 F.2d 393, 396-97 (6th Cir. 1990). The government notes that while Rule 615(2) affords the government the right to designate only one representative, the government may try to show under Rule 615(3) that the presence of a second agent is "essential" to the presentation of its case. United States v. Pulley, 922 F.2d 1283, 1286 (6th Cir. 1991). It furthermore maintains that while it does not plan at this point to ask the Court to find a second testifying agent essential, such determination should be made in the event the issue is presented by the government in a motion for such an order and not through a "preemptive strike" by defense counsel.

The government is correct in its assertion that "the law in this circuit [is] settled that the case agent may remain in the courtroom even when other witnesses [are] being sequestered." United States v. Martin, 920 F.2d 393, 396-97 (6th Cir. 1990) (citing to United States v. Wells, 437 F.2d 1144 (6th Cir. 1971). Accordingly, Defendant's motion [Doc. 93] to exclude government agents from motion hearings and prior to voir dire is **DENIED**.

As to the second facet of the motion, that the Court conduct an evidentiary hearing to determine whether the presence of a second government agent is essential to the presentation of the government's case, the Court finds that an evidentiary hearing on matter which may never arise would not be a wise use of judicial resources. Accordingly, Defendant's motion for an evidentiary hearing to determine whether a second agent is essential, **[Doc. 93]**, is **DENIED**. If this issue should become ripe for adjudication, Defendant Newman has leave to re-file this part of her motion and to request an evidentiary hearing at that time.

## 26.  DISCOVERY OF RULE 406 EVIDENCE OF HABITS AND ROUTINE PRACTICES PERTAINING TO COOPERATING WITNESSES [DOC. 79]
### AND
## MOTION TO REQUIRE THE GOVERNMENT TO REVEAL ANY AGREEMENTS WITH OR CONCESSIONS TO WITNESSES THAT MAY INFLUENCE THEIR TESTIMONY [DOC. 119]

Defendant Newman moves the Court compel Fed. R. Crim. P.  Rule 16(a)(1)(E) discovery

of F.R.E. Rule 406 evidence of habits and practices of the government with regard to benefits

provided to cooperating witnesses and, more specifically, provide the following:

(1) Written guidelines, memorandums or policies as to benefits provided or
recommendations made by Assistant United States Attorneys  for
cooperating witnesses in the U.S. Attorney's Officer of the Eastern District of
Tennessee;

(2) For each drug case where there was a recommendation by the government
orally or by written motion for a reduction of sentence for a cooperating witness in
this district since January 1, 1995:

a. The name of the Defendant;
b. The case number;
c. The drug offense charged;
d. The amount of drugs involved;
e. The guideline sentence by the government at sentencing;

(3) Information as to whether the government has agreed to meetings
between a cooperating witness's family and the witness while the
witness was in custody;

(4) Information as to whether the government has agreed to conjugal
visits between a cooperating witnesses family while the witness was
in custody;

(5) Information as to whether the government has made  recommendations to
state prosecutors on behalf of cooperating witnesses in federal case.

Similarly, Defendant Gray Jordan moves for Disclosure to Require the Government to Reveal

Any Agreements With or Concessions To Witnesses That May Influence Their Testimony [Doc.119].

Defendant Gray Jordan moves the Court  to order the government to reveal the substances of any and

all statements, agreements, offers, inducements or discussions had with any of the government's witnesses or with any witness's counsel indicating a promise or a suggestion of leniency, compensation, assurance not to prosecute, assurance to proceed on only certain causes or counts of that indictment or upon lesser or reduced charges, offers of motions for Rule 35 downward departures, substantial assistance downward departures, or any other offer of benefit accruing to said individual whatsoever in exchange for said individual's cooperation, assistance, or testimony in the above-captioned case.

The government objects [Doc. 79 and 97] to defendants' motions on the basis that first, inadequate authority is cited in support of authorizing such discovery, other than a general reference to Rule 16(a)(1)(E). Second, to the extent that the government's witnesses may be impeached because they have entered plea agreements with the government, received reductions in their sentences, or promised benefits in exchange for their cooperation with the government, the government states that it will provide the defendants with that information under <u>Brady</u>, and that some of this information is available in plea agreements filed publically with the clerk, but resists providing prior to trial the material requested. Third, the government contends that it is irrelevant to the cross-examination of government witnesses at trial as to (1) whether it has any policies regarding recommendations for downward departures based on cooperation, or (2) data pertaining to sentences of cooperating defendants who have been sentenced within the last decade in the Eastern District of Tennessee. Finally, the government contends that the defendant's request is prohibited by Rule 16(a)(2) in that "this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case."

The Court's Order on Discovery and Scheduling [Doc. 7, ¶ E] states:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>United States v. Agurs</u>, 427 U.S. 97 (1976) (exculpatory evidence), and <u>United States v. Bagley</u>, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by
> <u>United States v. Presser</u>, 844 F.2d 1275 (6th Cir. 1988).

The Court finds that it has already ordered the government to turn over materials within the scope of <u>Brady</u>, with timing of such disclosures governed by <u>United States v. Presser</u>, 844 F.2d 1275 (6th Cir. 1988). Furthermore, the government submits that to the extent that the government's witnesses may be impeached because they have entered plea agreements with the government, received reductions in their sentences, or promised benefits in exchange for their cooperation with the government, it will provide the defendants with that information under <u>Brady</u>, and its progeny. Accordingly, the two parallel requests, **[Doc. 79]** and **[Doc. 119]** are **DENIED**.

## 27. PRODUCTION OF RELATED INDICTMENTS AND WARRANTS [DOC. 80]

Defendant Newman moves the Court pursuant to Fed. R. Crim. P. Rule 16(a)(1)(E) to compel discovery of documents and copies of indictments or search warrants in the possession of the government that pertain to the conduct of any unnamed co-conspirator or witness the government intends to call in its case-in-chief or that pertains to the conspiracy charged in this indictment. She contends that discovery and investigation have revealed that a number of persons have cooperated with the government. Ms Newman argues that these cooperating persons appear to have been investigated in other jurisdictions, that these indictments would be related to the present conspiracy, and that because these indictments or search warrants may be sealed or in different jurisdictions, the government should be ordered to provide the defense with this information.

The government objects [Doc. 128] on the basis that the defendant offers no legal or factual support for her motion. It furthermore states that it will comply with its Brady-Giglio obligations and with the discovery requirements of Rule 16, but argues that the defendant's request exceeds those discovery obligations.

The Court's Order on Discovery and Scheduling [Doc. 7, ¶. E] states:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by
> United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).

The Court finds that it has already ordered the government to turn over materials within the scope of Brady, with timing of such disclosures governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988). Furthermore, the government submits that it will abide by the requirements of Brady, and its progeny. The Court also notes that on March 16, 2006 the government filed a sixty-three (63) page "Supplemental Discovery" document [Doc. 162] indicating three hundred ninety (390) discovery documents were being disclosed. It appears to the undersigned that most, if not all, of the information the defendant seeks is contained within the supplemental discovery. Nonetheless, to the extent that the defendant seeks more than this, the Court finds that the defendant has provided no legal or factual support to support her motion, and thus Defendant Newman's Motion To Produce Related Indictments And Warrants **[Doc. 80]** is **DENIED**.

### 28. MOTION FOR PRESENTENCE REPORTS AND STATEMENTS OF GOVERNMENT WITNESSES FOR THE COURT TO CONDUCT A PENNSYLVANIA V. RITCHIE REVIEW [DOC. 88]

Defendant Newman moves [Doc. 88] the Court to order the government to (1) provide discovery of presentence reports of those witnesses the government intends to call in its case-in-chief in its possession to the defense pursuant to Fed. R. Crim. P. Rule 16(a)(1)(E); or in the alternative (2) order the government to produce presentence reports, including FBI 302s, DEA 6s or reports of interviews by any governmental agency of that witness, to the Court for *in camera* review as provided for by <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987), for information that may assist the defendant in preparing for or cross-examining the witness; or in the alternative (3) order the government to obtain said presentence reports from the various U.S. Attorney's offices to have same available to present to the defense, or to the Court for review, after the direct testimony, and before cross-examination, of the witness.

Defendant Newman contends that presentence reports of witnesses the government intends to call in its case-in-chief are discoverable under Rule 16(a)(1)(E) because (1) U.S. Attorneys have these PSI reports in their possession, (2) the PSI reports were not created by attorney or investigators subject to Rule 16(a)(2) protection, and (3) the PSI reports are material to preparing the defense. Defendant furthermore contends, citing <u>Ritchie</u>, that the defendant's constitutional right to cross-examination trumps any privilege that may otherwise pertain to the PSI of witnesses the government intends to call to testify against the defendant. The defendant also argues that the government often does not have present in the courtroom Rule 16(a)(2) records, including FBI 302s, DEA 6s or local law enforcement reports of interviews, that pertain to witness testimony and that delays required to retrieve the records breaks up the cross-examination.

The defendant alternatively argues that under 18 U.S.C. § 3553(d) and Fed. R. Crim. P. 32(h)(I), a defendant is afforded an opportunity to review the presentence report, object or otherwise adopt the report. Furthermore, the presentence report, reviewed and adopted by a defendant, becomes a

"statement," as defined by Fed. R. Crim. P. Rule 26.2(f)(1), unless the information is objected to and adjudicated by the Court pursuant to Rule 32(h)(i)(3).

The government responds [Doc. 128] that Defendant Newman is not entitled to copies of the presentence investigation reports of witnesses the government intends to call in its case-in-chief, arguing that (1) such reports are documents prepared for the court by the probation office for use at a particular defendant's sentencing, and (2) presentence reports contain personal and confidential information which, if disclosed, could pose a danger to the safety of the subject of or contributors to the PSI report. It furthermore contends that the defendant's reliance on Ritchie is misplaced and notes that the Ritchie Court found that "the defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [government's] files." Ritchie, 480 U.S. at 59. Citing United States v. Sherlin, 67 F.3d 1208 (6th Cir. 1995), the government notes that the Sherlin Court held that "neither Brady nor the Federal Rules of Criminal Procedure mandate that a trial court produce a copy of a witness' presentence report to a defendant or to review such report *in camera* for exculpatory material." Id. at 1219. Acknowledging the distinction in the present case, in that the defendant's motion addresses the situation where the government has a copy of the PSI report, the government argues that, in light of Sherlin and Kyles v. Whitley, 514 U.S. 419, 437-38 (1995), it bears the responsibility of reviewing PSI reports in its possession for exculpatory or impeachment material and providing that information to defendant if it so exists. The government furthermore agrees to review PSI reports in its possession (not the probation officer) and, to the extent that Brady or Giglio material is contained within any government witness' PSI report, to provide such information to the defendant so as to meet its obligations under Brady-Giglio.

Finally, the government contends that, contrary to defendant's argument, Rule 32 does not require the defendant to adopt his presentence report and notes that cases addressing this issue have

concluded that a witness' PSI report is not a statement of that witness within the meaning of the Jencks Act. United States v. McGee, 408 F.3d 966, 974 (7th Cir. 2005); United States v. Jackson, 978 F.2d 903, 909 (5th Cir. 1993); United States v. Moore, 949 F.2d 68, 71 (2d Cir. 1991); United States v. Dansker, 537 F.2d 40, 60 (3d Cir. 1976).

The Court finds that to the extent that the defendant argues that she has a constitutional right to cross-examine or a constitutional right to discovery of any documents or information that may assist the defendant in such way, the Court does not agree. Contrary to the Defendant Newman's arguments, the Court does not find that Pennsylvania v. Ritchie stands for the proposition that the Confrontation Clause of the Constitution creates a constitutionally created rule of discovery. If the Court were to accept the defendant's argument, Fed. R. Crim. P. Rule 16 and the various court holdings limiting discovery would be eviscerated. Furthermore, even if the defendant were correct that a presentence report is a "statement" of the witness (by virtue of any alleged adoption), Fed. R. Crim. P. Rule 16(a)(2) provides that Rule 16 does not authorized discovery or inspection of such statements except as provided pursuant to the Jencks Act, 18 U.S.C. § 3500. Thus, the Jenks Act and Rule 26.2 control and in order for the defendant to compel production of statements under Rule 26.2(a), the witness must (1) testify on direct examination and (2) the statement must relate to the subject matter of the witness's testimony. While the Court notes that early disclosure is strongly encouraged by the Court, the government's decision to disclose any statements after the witness testifies at trial is authorized by statute.

Finally, to the extent the defendant argues that Fed. R. Crim. P. Rule 16(a)(1)(E)(I) applies, the defendant has not made a sufficient showing that, or how, such information is material to preparing the defendant's defense as defined in Armstrong and the Court's Order on Discovery and Scheduling [Doc. 16]. The defendant has also provided no case law to support its contention that such are subject to discovery under Rule 16. Furthermore, the government has acknowledged it Brady-Kyles-Giglio

obligations to review such reports in its possession for exculpatory or impeachment material and agrees to provide same to defendant if any is discovered. Accordingly, Defendant Newman's Motion To Compel Discovery of Pre-Sentence Reports In The Possession Of The Government For Witnesses Called By The Government **[Doc. 88]** is **DENIED**.

### 29. MOTION FOR DISCLOSURE OF INFORMANTS AND OPERATIVES [DOC. 82]
### AND
### MOTION FOR DISCLOSURE OF MATERIAL WITNESSES [DOC. 110]

Defendants move the Court to order the government to disclose to the defense all information, including identity, addresses and statements, concerning the use of informants and operatives in this case who were present during the commission of any offenses alleged in the indictment. Citing Rovario v. United States, 353 U.S. 53 (1957), Defendant Newman argues that when an informant is present at the time of the commission of an alleged offense or present when some act is done in furtherance of the offense, that person possesses crucial and relevant knowledge, essential to the accused in preparing her defense on the merits. The defendant specifically contends that in this case the requested information is crucial to her adequate preparation for trial and that disclosure is essential for the defendant to receive a fair trial. The defendants further argue that the government be required to disclose the addresses of any informants or operatives under Rovario 353 U.S. at 65 n15.

The government responds [Doc. 128] and [Doc. 129] that (1) the United States holds a privilege not to disclose the identity or location of confidential informants, United States v. Moore, 954 F.2d 379, 381-82 (6th Cir. 1992); (2) informants must be disclosed only when the defendant shoulders the burden of establishing that "disclosure is essential to a fair trial," Moore, 954 F.2d at 381, (3) the Sixth Circuit has never required the disclosure of an informant's identity when the informant was not a participant in the crime, United States v. Whitley, 734 F.2d 1129, 1137-38 (6th Cir. 1984), and (4) defendant has not and cannot meet her burden under Rovario. The government furthermore suggests that, if and when the defendant demonstrate the need for disclosure, the Court receive information regarding whether the informant could provide testimony which, if not provided, would deprive the defendant of a fair trial.

As a general rule, the government is not required to disclose the names of its witnesses before trial.  See United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984) (holding that the Sixth Circuit "has firmly established that defense counsel is not entitled to know in advance of trial who will testify for the government"); see also United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.), cert. denied, 510 U.S. 903 (1993) (citing Fed. R. Crim. P. 16); United States v. Dark, 597 F.2d 1097, 1099 (6th Cir.), cert. denied, 444 U.S. 927 (1979).  With regard to the identities of confidential informants, the Supreme Court has recognized what has become known as the informer's privilege:

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law.  The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement.  The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

> Roviaro, 353 U.S. at 59 (citations omitted).

This privilege is limited by the requirement that criminal trials be fundamentally fair. Roviaro, 353 U.S. at 60.  In other words, the informer's privilege must yield when the informant's identity is "relevant and helpful to the defense of an accused" or "essential to a fair determination of a cause." Roviaro, 353 U.S. at 60-61. This determination is subject to a case-by-case balancing of "the public interest in protecting the flow of information against the individual's right to prepare his defense." Roviaro, 353 U.S. at 62.  In performing this balancing, the Court should consider, among other factors, the charges, the potential defenses, and the significance of the informer's testimony.  Id.  The Sixth

Circuit has held that danger to the life of the informant is entitled to significant weight in the balance. United States v. Jackson, 990 F.2d 251, 255 (6th Cir. 1993).

To compel the disclosure of the identity of confidential informants, a defendant must do more than speculate that knowing that identity would be helpful to his or her defense. See United States v. Trejo-Zambrano, 582 F.2d 460, 466 (9th Cir.), cert. denied, 439 U.S. 1005 (1978); see also United States v. Moore, 954 F.2d 379, 381 (6th Cir. 1992) (holding that "[m]ere invocation of [one's due process rights] does not automatically outweigh the public interest in protecting confidential informants"). Courts are more likely to require disclosure when the informant is a "key witness," who has arranged and participated in an illegal transaction, than when the informant merely gives officers a tip that proves helpful in securing a search warrant. United States v. Lloyd, 400 F.2d 414, 416 (6th Cir. 1968). Furthermore, the informer's privilege only exists to the extent justified by its purpose of furthering effective law enforcement: "[O]nce the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable." Roviaro, 353 U.S. at 60.

Initially, the Court notes that Defendant Newman already indicated to the Court that discovery has revealed a number of persons have cooperated with the government. Thus, if the government has already disclosed an informant's name in discovery, then the defendant's motion is moot with regard to that informant. To the extent that Defendant Newman contends that there are other informants or operatives who are likely to influence the outcome of the case or are essential to the party's preparation for trial, the Court finds that the defendant has failed to make a specific showing to that effect. Accordingly, Defendant Newman's Motion for Disclosure of Informants Operatives and Defendant Gray Jordan's Motion for Disclosure of Material Witnesses, respectively **[Doc. 82]** and **[Doc. 110]** are **DENIED**.

### 30. MOTION TO SUPPRESS SEIZED EVIDENCE [DOC. 83]
#### AND
### MOTION TO SUPPRESS STATEMENTS [DOC. 84]
#### AND
### MOTION FOR EXTENSION OF TIME [DOC. 60] AND [DOC. 68]

Although two filings are styled as a motion to suppress, in fact the remedy sought by Ms Newman in both is an enlargement of time in which to investigate and file a motion to suppress, should one be necessary after the government's Rule 12(b)(4)(B) designation. [Doc. 83 at 1], and [Doc. 84 at 1]. The Court has denied the predicate Rule 12(b)(4)(B) relief sought in Defendant Newman's Motion to Move Instanter To Compel The Government To File F.R.Cr.P. 12(b)(4) Notice And An Exhibit List [Doc. 31] and Motion To Instanter Move To File Additional Motions And For New Scheduling Order [Doc. 33]. Supra at § 2 and § 4.

Further, the Court has already provided for the relief Ms Newman seeks at the time this case was designated complex and the trial date continued from March 27, 2007. The Court provided in its Memorandum and Order filed April 2, 2007: "Given the facts adduced in support of the motion for continuance and the request for designation as complex, the parties may file motions for leave to file as to specific additional motions as they become necessary. The proposed late-filed motion should be attached to any motion for leave to file out of time." [Doc. 137]. Accordingly, **[Doc. 83]** and **[Doc. 84]** are **DENIED** as moot. For the same reasons, the two more general motions for extension of time to file motions **[Doc. 60]** and **[Doc. 68]** are **DENIED** as moot.

### 31. CRAWFORD V. WASHINGTON ISSUES [DOC. 90]

Defendant Newman moves the Court to order the government to provide notice of its intent to offer any statements not specifically covered by the hearsay exceptions set forth in Federal Rules of Evidence, Rules 803(1) through (23); 804(b)(1) through (4) and 807, but having equivalent circumstantial guarantees of trustworthiness, and to provide notice of the particulars of any such

statement, including the name and address of the declarant(s). In support of her motion, Defendant Newman asserts her Sixth Amendment Confrontation Clause guarantees as elucidated by the Supreme Court in <u>Crawford v. Washington</u>, 541 U.S. 36 (2004). Finally, the defendant moves for advance pretrial notice of "any evidence of hearsay or out of court declarant statements"and moves the Court to suppress and exclude those statements.

The government responds [Doc. 128], stating that defendant's motion is confusing in that it asks for any statement arguably considered hearsay, offered as an exception to the general hearsay rule, but not covered in the rules set forth by defendant. The government notes, however, that Rule 807, the residual hearsay exception, contains a notice provision whereby notice must be given to the adverse parties "sufficiently in advance of trial" of the proponent's intention to offer the statement and the particulars of that statement and the name and address of the declarant. The government speculates that this is the evidence which the defendant is moving for pretrial notice. As to defendant's request for advance pretrial notice of "any evidence of hearsay," it claims that this request is inconsistent with the rest of the defendant's memorandum. Assuming that the defendant is requesting notice of residual hearsay statements, the government maintains that it is unaware of any statements that it will offer into evidence pursuant to F.R.E. Rule 807 at this time.

Rule 807 of the Federal Rules of Evidence states, in pertinent part:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines....However, a *statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of trial or hearing* to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

The Court finds that, to the extent the defendant seeks to require compliance with Crawford v. Washington at trial, this request merely seeks compliance with the law. However, to the extent it seeks advance notice of non-complying hearsay statements, the Court finds that advanced notice is not required by either the Confrontation Clause or Crawford, nor does the Court find it would be appropriate otherwise. Accordingly, Defendant Newman's Motion For Notice Of Government's Intention To Use Hearsay And To Object And Suppress Pursuant to Crawford v. Washington **[Doc. 90]** is **DENIED**.

### 32. PRE-TRIAL HEARING TO DETERMINE ADMISSIBILITY OF CO-CONSPIRATOR HEARSAY STATEMENTS [DOC. 91] AND [DOC. 115]

Defendant Newman moves the Court for a pretrial hearing to determine the admissibility of co-conspirator statements, relying upon pursuant to Federal Rule of Evidence 104; the Sixth Amendment Confrontation Clause; and United States v. Vinson, 606 F.2d 149 (6th Cir. 1979) . In support of her motion, Defendant Newman notes that the Sixth Circuit in Vinson held that an out-of-jury hearing, while not required, is an acceptable method of determining the admissibility of co-conspirator statements pursuant to Federal Rule of Evidence Rule 801(d)(2)(E). The defendant asserts that a pretrial proceeding is required pursuant to the Court's gatekeeper role under Rules 104 and 404(b), and to protect Defendant Newman's Sixth Amendment right of confrontation pursuant to Crawford v. Washington 541 U.S. 36 (2004).

Defendant Gray Jordan has asked for similar relief in his Motion for Hearing Pretrial on Existence of Conspiratorial Agreement. [Doc. 115] Defendant Gray Jordan moves the Court for a pretrial hearing on the existence of a conspiratorial agreement and the connection thereto of Defendant Gray Jordan as charged in the indictment, in accordance with United States v. James, 590 F.2d 575 (5th Cir. 1979),

The government responds [Docs. 128 and 129], first noting that before it can take advantage of the co-conspirator exception of the hearsay rule, it must show by a preponderance of the evidence that (1) a conspiracy existed, (2) that the defendant against whom the hearsay is offered was a member of the conspiracy and (3) that the hearsay statement was made in the course and in the furtherance of the conspiracy." Vinson, 606 F.2d at 1552. It furthermore notes that the Sixth Circuit has outlined three alternative methods by which the district court can make a determination as to the admissibility of hearsay statements under the coconspirator exception to the hearsay rule: (1) conduct a pretrial mini-hearing outside the presence of the jury and listen to the proof of the conspiracy, (2) require the government to produce non-hearsay evidence during the course of trial before making the necessary finding, and (3) admit the hearsay statements subject to a later demonstration of their admissibility. Vinson, 606 F.2d at 152-53.

The government contends that while the Sixth Circuit has criticized the first alternative as "burdensome, time consuming and uneconomic," Id. at 152, the more practical approach and the one customarily adopted by this district has been to permit the government to present the hearsay statements subject to a later demonstration of their admissibility. United States v. Robinson, 390 F.3d 853, 867 (6th Cir. 2004). It also maintains that by avoiding a pretrial hearing, the defendant will be preempted from circumventing the rules of pretrial discovery and will not be allowed to ascertain the minutiae of the government's evidence and to learn who many of the government's witnesses will be. United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).

The relief sought would have this Court conduct a pre-trial hearing to determine whether or not the government may satisfy its burden of proof on the existence of a conspiracy before any co-conspirator statements may be admitted in the government's case-in-chief at trial. The Court finds that before the government can take advantage of the co-conspirator exception of the hearsay rule, it must

show by a preponderance of the evidence that a conspiracy existed, that the defendant against whom the hearsay is offered was a member of the conspiracy and that the hearsay statement was made in the course and in the furtherance of the conspiracy.  United States v. Vinson, 606 F.2d 144, 152 (6th Cir. 1979).  The  Sixth Circuit has outlined three alternative methods by which the district court can make a determination as to the admissibility of hearsay statements under the coconspirator exception to the hearsay rule: (1) conduct a pretrial mini-hearing outside the presence of the jury and listen to the proof of the conspiracy, (2) require the government to produce non-hearsay evidence during the course of trial before making the necessary finding, and (3) admit the hearsay statements subject to a later demonstration of their admissibility.  Vinson, 606 F.2d at 152-53.  The Sixth Circuit has criticized the first alternative as burdensome, time consuming and uneconomic.  The more practical approach, and the one customarily adopted by this district, has been to permit the government to present the hearsay statements of this nature subject to a later demonstration of their admissibility by a preponderance of the evidence.

Under Federal Rules of Evidence Rule 801(d)(2)(E), "a statement is not hearsay if ...[t]he statement is offered against a party and is...a statement by a coconspirator of a party during the course and in furtherance of the conspiracy."  To be admissible under Rule 801(d)(2), the party offering a co-coconspirator statement must show by a preponderance of the evidence that: (1) the conspiracy existed, (2) the defendant was a member of the conspiracy, and (3) the co-conspirator's statements were made in furtherance of the conspiracy.  See United States v. Lora, 210 F.3d 373 (6th Cir. 2000) (unpublished opinion)(citing, United States v. Wilson, 168 F.3d 916, 920 (6th Cir. 1999).  This three-part test is often referred to as an "Enright finding."  See United States v. Enright, 579 F.2d 980 (6th Cir. 1978).  Whether the offering party has made the showing is a question of fact for the court to decide.  Fed. R.

Evid. 104(a); <u>United States v. Maliszewski</u>, 161 F.3d 992, 1007 (6th Cir. 1998), <u>cert. denied</u>, <u>Villareal v. United States</u>, 525 U.S. 1183 (1999).

While the Sixth Circuit has approved three potential procedures for resolving this issue: (1) holding a pretrial hearing, (2) requiring at trial that the government present evidence of the conspiracy before presenting the co-conspirator's statement, and (3) allowing the government to present the statement before proving the conspiracy at trial but instructing the jury that the government must prove the conspiracy before it can consider the statement, <u>Vinson</u>, 606 F.2d at 152-53, the Court notes that it is the general practice in this district to use the third of these options. In any event, the defendants' motions relate directly to trial procedures and/or the admissibility of evidence at trial and will be addressed by the trial judge, District Judge Thomas Varlan. Accordingly, **[Doc. 91]** and **[Doc. 115]**, are **DENIED** to the extent they seek a pretrial hearing at this time. District Judge Varlan will decide whether he desires to choose an option besides the third option before or during trial, as he deems appropriate.

### 33. CHAIN OF CUSTODY FOR DRUGS AS EVIDENCE [DOC. 95]

Ms Newman next moves the Court to conduct a pretrial hearing to establish an evidentiary foundation for drugs she anticipates the government will offer at trial, specifically the chain of custody for the evidence. Next, Ms Newman would have the Court suppress any evidence for which the government does not demonstrate a proper chain of custody.

Basic evidentiary foundations are not established pretrial. As with most rules, there are exceptions. There is no such exception suggested by Defendant Newman's motion. Foundation for the admissibility of physical or other evidence will be addressed by Judge Varlan at trial, as the presentation of evidence proceeds. Furthermore, "challenges to the chain of custody go to the weight of the evidence, not its admissibility." <u>United States v. Levy</u>, 904 F.2d 1026, 1030 (6th Cir.1990);

accord United States. v. Combs, 369 F.3d 925, 938 (6th Cir.2004).

Finding no foundation in law for Ms Newman's suggested chain of custody hearing and proposed suppression of evidence, Defendant's Motion for a Rule 104 In Limine Hearing to Contest the Chain of Custody of Drugs and Other Seized Items **[Doc. 95]** is **DENIED.**

### 34. EARLY PRODUCTION OF JENCKS [DOC. 96] AND [DOC. 114]

Defendant Gray Jordan and Julia Newman move the Court to order the government to provide the defense all Jencks Act/Rule 26.2 statements sufficiently prior to trial, or at least five (5) working days before trial, to afford the defense time to review the statements and prepare to cross-examine government witnesses. In the alternative, they move (1) that following the direct testimony of any witness called by the government, that the government produce any statement of the witness, (2) for an automatic recess after production of statements to review them out of the presence of the jury so as to make effective use of the statements during cross examination, and (3) for a jury instruction to avoid prejudice to the defendants.

The government objects [Docs. 128] and [Doc. 129], stating that the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure, are the exclusive means of obtaining statements of government witnesses made before trial, Palermo v. United States, 360 U.S. 343, 351 (1959), and that the Court may not compel the disclosure of statements of a witness before the conclusion of her direct testimony. United States v. Presser, 844 F.2d 1275, 1283 (6th Cir. 1988).

> The Jencks Act provides in pertinent part as follows:
>
> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500; <u>see also</u> Fed. R. Crim. P. 26.2.

The Sixth Circuit has upheld the government's right under this statute to withhold witness statements or reports, even those that would be favorable to the defendant's defense, until after the witness testifies: "The clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial." <u>United States v. Presser</u>, 844 F.2d 1275, 1283 (6th Cir. 1988).

Although the Jencks Act permits the government to wait for disclosure until after the witness testifies, the Sixth Circuit has encouraged the government to provide the information earlier in appropriate cases in order to prevent delay at trial. <u>See</u> <u>United States v. Minsky</u>, 963 F.2d 870, 876 (6th Cir. 1992). Additionally, this Court's Order on Discovery and Scheduling [Doc. 19, ¶ O] also "strongly" encourages the early production of Jencks materials "as soon as possible and well before the testimony of the government witness in order to avoid undue interruptions of trials." However, the Sixth Circuit recognizes that in some cases the government may have a substantial reason for waiting until after the witnesses testimony to disclose the Jencks material. <u>See</u> <u>United States v. Algie</u>, 667 F.2d 569, 572 (6th Cir. 1981).

The Court notes that although early disclosure is encouraged by the Court, the government's decision to disclose any statements after the witness testifies at trial is authorized by statute. Furthermore, the defendants' expressed need for early disclosure, that of facilitating cross-examination and preventing delay of the trial, is one that is present in every case. Thus, the Court finds that the defendants have stated no compelling need for early disclosure. In any event, in the end, this Court simply does not have authority to order the pretrial production of Jencks materials. <u>Presser</u>, 844 F.2d at 1283. Accordingly, the defendants' motions for early production of Jencks materials, **[Doc. 96]** and **[Doc. 114]** are **DENIED**.

Alternatively, Defendant Newman asks that the government (1) automatically give Jencks materials after the direct examination of each government witness and that the trial court automatically take a recess following such production, and (2) for a jury instruction to avoid prejudice to the defendants. Ms Newman asserts that these measures are necessary in order that the jury, who does not understand the procedural rules, will not perceive defense counsel to be demanding, unprepared, or disruptive of the trial. The Court notes that these matters, which relate to the orderly progression of the trial, fall within the province of the District Court. Thus, the request for automatic production and automatic recesses is **DENIED**, subject to renewal with the trial judge, to the extent earlier production is not provided.

### 35. MOTION FOR DISCLOSURE OF ALL STATEMENTS ATTRIBUTED TO DEFENDANT [DOC. 111]

Defendant Gray Jordan moves the Court to Order the government to disclose the existence of, and to permit the Defendant to inspect and copy written, recorded and/or oral statements, by whomever made, which the government will seek to attribute to this Defendant, including, but not limited to, statements by alleged co-conspirators, adoptive admissions, and/or any other vicarious utterance of any kind. The government objects [Doc. 129], stating that Rule 16 does not provide for the discovery of statements which could otherwise be attributed to defendant.

"Each defendant is entitled to inspect his own testimony and the statements made by him but he is not entitled to inspect the testimony of his co-defendants or to examine their statements unless they agree." United States v. Turner, 274 F. Supp. 412, 418 (E.D. Tenn. 1967); see also United States v. Presser, 844 F.2d 1275, 1285 (6th Cir. 1988) (citing with approval a Fourth Circuit case, which holds that a defendant may not discover the statements of co-defendant's under Rule 16).

The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500; see also Fed. R. Crim. P. 26.2.

Thus, in the present case, the defendant is not entitled to inspect the statements of his co-defendant or other uncharged co-conspirators unless and until they testify at trial. With regard to the defendant's own statements, the Court has already ordered [Doc. 16, ¶ A,1 and B, 1] their disclosure. Accordingly, Defendant Gray Jordan's motion for the provision of statements other than his own is **DENIED**, **[Doc. 111]**

### 36. MOTION TO SUPPRESS AND EXCLUDE TESTIMONY OF PROSECUTION WITNESSES PROVIDED UNDISCLOSED AND UNAUTHORIZED BENEFITS [DOC. 107]

This motion constitutes a statement in opposition to testimony of cooperating witnesses, recommendation of sentence reduction for substantial assistance rendered by defendants, and the methodology by which this interplay is effectuated. These matters may be the topic of cross-examination, should they become relevant or appropriate in the discretion of the trial court. This document does not constitute a pretrial motion for specific relief. Its varied content, to the extent it can be said that any relief at all is sought, has been previously addressed in the treatment of other issues in this Memorandum and Order. Further, there is no basis in law cited for the remedy as generally set forth in the style of the motion. Accordingly, **[Doc. 107]** is **DENIED**.

## II. CONCLUSION

It is hereby ORDERED:

(1) Defendant Julie C. Newman's Objection to Paragraph L. Of The Scheduling Order And Request For New Discovery Deadline **[Doc. 24]** is **DENIED**;

(2) Defendant Newman's Motion to Move <u>Instanter</u> To Compel The Government To File F.R.Cr.P. 12(b)(4)(B) Notice And An Exhibit List **[Doc. 31]** is **DENIED**;

(3) Defendant Newman's Motion to Move <u>Instanter</u> To Compel F.R.Cr.P. 16(a)(1) Discovery Response From the Government **[Doc. 32]** is **DENIED**;

(4) Defendant Newman's Motion To <u>Instanter</u> Move To File Additional Motions And For New Scheduling Order **[Doc. 33]** is **DENIED**;

(5) Defendant Newman's Motion To Establish A Date For The Delivery of Subpoenaed Records To The Court For In Camera Review **[Doc. 34]** is **DENIED**;

(6) Defendant Newman's Motion For A List of Government Witnesses And Addresses **[Doc. 35]** is **DENIED**;

(7) Defendant Newman's Motion For Severance From Unknown Co-Defendants **[Doc. 36]** is **DENIED**;

(8) Defendant Gray Y. Jordan's Motion For Extension Of Time To File Pretrial Motions **[Doc. 60]** is **DENIED**;

(9) Defendant Newman's Motion For A F.R.Crim.P. 17.1 Pretrial Conference To Discuss Pending Discovery and Notice Motions **[Doc. 67]** is **DENIED**;

(10) Defendant Newman's Motion To Enlarge The Time To File Pretrial Motions **[Doc. 68]** is **DENIED**;

(11) Defendant Newman's Motion For An Order That All Participating And Cooperating Law Enforcement Agencies Provide Files Pertaining To The Alleged Conspiracy Or The Alleged Participants To The Prosecuting Attorney **[Doc. 69]** is **DENIED**;

(12) Defendant Newman's Motion To Define F.R.Crim.P. 16(a)(1)(E) "Material To Preparing The Defense" **[Doc. 70]** is **DENIED**;

(13) Defendant Newman's Motion To Compel F.R.Crim.P. Rule 16(a)(1) Discovery Pertaining To Evidence Offered Under F.R.E. Rules 404(b), 608, 609, 702, 703, 801, 803, 804 or 807 **[Doc. 71]** is **DENIED**;

(14) Defendant Newman's Motion To Compel F.R.Crim.P. Rule 16(a)(1) Discovery Pertaining To Evidence Offered Under F.R.E. Rules 702, 703 **[Doc. 72]** is **DENIED**;

(15) Defendant Newman's Motion To Compel F.R.Crim. P. Rule 16(a)(1) Discovery Related To Discovery Produced **[Doc. 73]** is **DENIED**;

(16) Defendant Newman's Motion To Compel Discovery For Any Determinations That The Government Will Rely On At Sentencing **[Doc. 74]** is **DENIED**;

(17) Defendant Newman's Motion To Compel Discovery For The Forfeiture Trial **[Doc. 75]** is **DENIED**;

(18) Defendant Newman's Motion To Compel Discovery Of F.R.Crim.P. 16(a)(1)(E)(I) Items "material to preparing the defense" To Impeach Government Witnesses **[Doc. 76]** is **DENIED**;

(19) Defendant Newman's Motion To Compel Timely Disclosure Of Specific <u>Brady</u>-<u>Kyles</u> Materials As To Testimonial Evidence From Cooperating Witnesses **[Doc. 77]** is **DENIED**;

(20) Defendant Julia C. Newman's Motion For Fed.R.Crim.P. Rule 7(f) Bill Of Particulars **[Doc. 78]** is **GRANTED** in part and **DENIED** in part as set forth above;

(21) Defendant Newman's Motion For Discovery of F.R.E. Rule 406 Evidence Of Habits And Practices Of The Government Pertaining To Cooperating Witnesses **[Doc. 79]** is **DENIED**;

(22) Defendant Newman's Motion To Produce Related Indictments And Warrants **[Doc. 80]** is **DENIED**;

(23) Defendant Newman's Motion For Specific Brady-Kyles Materials Be Provided The Defense Sixty (60) Days Prior To Trial, Or, In The Alternative For A Continuance After Brady-Kyles Materials are Provided **[Doc. 81]** is **DENIED**;

(24) Defendant Newman's Motion For Disclosure Of Informants And Operatives **[Doc. 82]** is **DENIED**;

(25) Defendant Newman's Motion To Suppress Seized Evidence **[Doc. 83]** is **DENIED**;

(26) Defendant Newman's Motion To Suppress Statements **[Doc. 84]** is **DENIED**;

(27) Defendant Newman's Motion For Pretrial Notice And In Limine Suppression Of F.R.E. Rule 608 Impeachment Evidence By Character Or Specific Conduct **[Doc. 85]** is **DENIED**;

(28) Defendant Newman's Motion For 60-Day Pretrial Notice Of Government's Intention To Use 404(b)-Type Evidence And In Limine Suppression Of 404(b)-Type Evidence **[Doc. 86** is **GRANTED** in part and **DENIED** in part as set forth above;

(29) Defendant Newman's Motion To In Limine Suppress Evidence Offered Pursuant to F.R.E. Rules 404(b), 608(b), 609, 801(d), 803, 804 or 807 **[Doc. 87]** is **DENIED**;

(30) Defendant Newman's Motion For Presentence Reports And Statements of Government Witnesses For The Court To Conduct a Pennsylvania v. Ritchie Review **[Doc. 88]** is **DENIED**;

(31) Defendant Newman's Motion For Discovery Of Written Summary Of Expert Testimony; Facts And Data Underlying Expert Testimony; and Qualifications Of Expert Witnesses And In Limine To Suppress Expert Testimony For Which The Government Fails To Make Adequate Pretrial Disclosure **[Doc. 89]** is **DENIED**;

(32) Defendant Newman's Motion For Notice Of Government's Intention To Use Hearsay And To Object And Suppress Pursuant To Crawford v. Washington **[Doc. 90]** is **DENIED**;

(33) Defendant Newman's Motion For Pretrial Hearing To Determine Admissibility Of Co-Conspirator Hearsay **[Doc. 91]** is **DENIED**;

(34) Defendant Newman's Motion In Limine To Suppress All Expert Testimony Regarding Mens Rea **[Doc. 92]** is **DENIED**;

(35) Defendant Newman's Motion For F.R.E. 615 Witness Sequestration And That Only One Agent Be Present During Evidentiary Hearings And Trial **[Doc. 93]** is **DENIED**;

(36) Defendant Newman's Motion For Immediate Notice Of Government's Intent To Use Tape Recordings And For Production Of Transcripts **[Doc. 94]** is **DENIED**;

(37) Defendant Newman's Motion For Rule 104 In Limine Hearing To Contest The Chain Of Custody Of Drugs **[Doc. 95]** is **DENIED**;

(38) Defendant Newman's Motion For Early Production of Jencks/Rule 26.2 Statements; Automatic Production; Automatic Recess; And For Jury Instructions **[Doc. 96]** is **DENIED**;

(39) Defendant Newman's Motion For Notice Of The Government's Intent To Use An Interpreter For Any Witness At Motion Hearings Or Trial **[Doc. 97]** is **DENIED**;

(40) Defendant Newman's Motion To File Additional Motions **[Doc. 98]** is **GRANTED**;

(41) Defendant Newman's Motion To File Motions Instanter One Day Late **[Doc. 99]** is **GRANTED**;

(42) Defendant Gray Y. Jordan's Motion For Extension Of Time To File Pretrial Motions **[Doc. 106]** is **GRANTED**.

(43) Defendant Newman's Motion To Exclude And Suppress Testimony Of Any Government Witness Provided Undisclosed Or Unauthorized Benefits By Prosecutors **[Doc. 107]** is **DENIED**;

(44) Defendant Sherry Farmer's Motion To Adopt Motions Filed By Defendant Julia Newman, And To File This Motion Instanter **[Doc. 108]** is **GRANTED**;

(45) Defendant Gray Y. Jordan's Motion For Disclosure Of Material Witnesses **[Doc. 110]** is **DENIED**;

(46) Defendant Gray Y. Jordan's Motion For Disclosure Of All Statements Which The Government Will Seek To Attribute To The Defendant **[Doc. 111]** is **DENIED**;

(47) Defendant Gray Y. Jordan's Request For Pretrial Disclosure Of Rule 404(b) Evidence **[Doc. 113]** is **GRANTED** in part and **DENIED** in part as set forth above;

(48) Defendant Gray Y. Jordan's Motion For Pretrial Production of Witness Statements **[Doc. 114]** is **DENIED**;

(49) Defendant Gray Y. Jordan's Motion For Pretrial Hearing On The Existence Of A Conspiratorial Agreement And The Connection Thereto Of Defendant **[Doc. 115]** is **DENIED**;

(50) Defendant Gray Y. Jordan's Motion To Adopt And Incorporate Motions Of Co-Defendants **[Doc. 117]** is **GRANTED**;

(51) Defendant Newman's Motion To Require The Government To Reveal Any Agreements With Or Concessions To Witnesses That May Influence Their Testimony **[Doc. 119]** is **DENIED**;

(52) Defendant Newman's Request For Notice Of Electronic Surveillance **[Doc. 120]** is **DENIED**;

(53) Defendant Gray Y. Jordan's Motion For F.R.Cr.P. Rule 7(f) Bill Of Particulars **[Doc. 121]**is **GRANTED** in part and **DENIED** in part as set forth above; and

(54) Defendant Gray Y. Jordan's Motion For Disclosure Of Impeaching Information **[Doc. 123]** is **DENIED**.

   **IT IS SO ORDERED.**

       ENTER:

         s/ H. Bruce Guyton
       United States Magistrate Judge