UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA )
)
v. ) CASE NO. 3:06-CR-102
) JUDGES VARLAN/GUYTON
CHRISTOPHER JAMES KORTZ )

## AGREED PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on August 1, 2006, an Indictment was filed in the above-referenced case charging Defendant Christopher James Kortz, and others, with in Count One, knowingly, intentionally, and without authority, combining, conspiring, confederating, and agreeing with others to commit violations of Title 21, United States Code, Section 841(a)(1), that is, to distribute, and possess with intent to distribute, in excess of 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B); and, in Count Two, with willfully, knowingly, intentionally, and without authority combining, conspiring, confederating, and agreeing to commit certain offenses against the United States as follows: knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducting and attempting to conduct such financial transactions with intent to promote the carrying on of a specified unlawful activity, and the concealing and disguising the nature of, the location, source, ownership, and control of the proceeds of a specified unlawful activity, that is, the distribution of, and possession of

with intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i),(a)(1)(B)(i) and (h).

WHEREAS, in the forfeiture allegations of the Indictment in the above-referenced case, the United States sought forfeiture of the interest of the Defendant Christopher James Kortz, pursuant to Title 21, United States Code, Section 853, in any property constituting, or derived, from proceeds obtained, directly or indirectly, as a result of the conspiracy and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said conspiracy; and pursuant to, Title 18, United States Code, Section 982(a)(1), in any property involved in the violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i) and (h), and any and all property traceable thereto.

AND WHEREAS, on September 4, 2007, this Court accepted the guilty plea of the Defendant, Christopher James Kortz, and by virtue of said guilty plea and conviction, the Court has determined that the property identified below is subject to forfeiture pursuant to Title 21, United States Code, Section 853(a) and Title 18, United States Code, Section 982, and that the United States has established the requisite nexus between the property and the aforesaid offenses. Further the United States is now entitled to seize said property, pursuant to Title 21, United States Code, Section 853(g), as incorporated by Title 18, United States Code, Section 982(b) and Rule 32.2(b) of the Federal Rules of Criminal Procedure;

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That based upon the conviction of Defendant, Christopher James Kortz, under Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(B) and Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i) and (h), the United States is hereby authorized to seize the following properties and the same are hereby forfeited to the United States for disposition in accordance with law, subject to the provisions of Title 21, United States Code, Section 853(h) and Title 18, United States Code, Section 982:

(a) Real property more particularly described in document number 2003-027573, TMK (3rd) 3-2-4:28, registered on February 14, 2003, in the State of Hawaii Bureau of Conveyances, belonging to Gray Youngblood Jordan.

All of that certain parcel of land (being all of the land described in and covered by Land Patent Grant Number 5365 to John Kaaihue), situate, lying and being at Waikaumalo-Maulua, North Hilo, Island and County of Hawaii, State of Hawaii, being Lot Number 66, public land map number 24, first land district, and being more particularly described as follows:

BEGINNING at the East corner of this lot which point is marked by an iron pipe at a post on the West bank of Waikaumalo Gulch, from which the South corner of Lot 64 bears N 30 degrees 54 seconds East (True) 87.4 feet distant, the coordinates of the point of beginning being: - 12872.5 feet South and 3284.1 feet West of "Puu Ohai" Triangulation Station, as shown as Government Survey Registered Map No. 2201, and running by true bearings:

1. S 29° 42" W 188.5 feet along the edge Waikaumalo Gulch;

2. S 25° 47" W 145.0 feet along the edge Waikaumalo Gulch;

3. S 57° 44" W 166.0 feet along the edge Waikaumalo Gulch;

4. N 66° 33" W 188.7 feet along the edge Waikaumalo Gulch;

5. S 69° 26" W 177.9 feet along the edge Waikaumalo Gulch;

6. S 20° 54" W 212.6 feet along the edge Waikaumalo Gulch;

7. S 21° 25" W 292.2 feet along the edge Waikaumalo Gulch;

8. S 60° 16" W 81.4 feet along the edge Waikaumalo Gulch;

9. S 58° 58" W 250.0 feet along the edge Waikaumalo Gulch;

10. S 75° 23" W 177.1 feet along the edge Waikaumalo Gulch;

11. S 21° 36" W 175.0 feet along the edge Waikaumalo Gulch;

12. S 2° 11" W 149.3 feet along the edge Waikaumalo Gulch;

13. S 43° 35" W 83.5 feet along the edge Waikaumalo Gulch;

14. S 46° 00" W 201.2 feet along the edge Waikaumalo Gulch;

15. S 77° 34" W 101.3 feet along the edge Waikaumalo Gulch;

16. S 62° 47" W 160.0 feet along the edge Waikaumalo Gulch;

17. S 61° 21" W 96.5 feet along the edge Waikaumalo Gulch;

18. S 66° 27" W 74.2 feet along the edge Waikaumalo Gulch;

19. S 68° 20" W 282.0 feet along the edge Waikaumalo Gulch;

20. S 63° 40" W 243.5 feet along the edge Waikaumalo Gulch;

21. N 84° 20" W 118.0 feet along the edge Waikaumalo Gulch;

22. S 85° 48" W 210.5 feet along the edge Waikaumalo Gulch;

23. S 81° 30" W 109.4 feet along the edge Waikaumalo Gulch;

24. N 88° 02" W 158.6 feet along the edge Waikaumalo Gulch;

25. S 66° 25" W 166.5 feet along the edge Waikaumalo Gulch;

26. N 86° 03" W 108.5 feet along the edge Waikaumalo Gulch;

27. N 74° 59" W 267.0 feet along the edge Waikaumalo Gulch;

28. S 68° 06" W 163.2 feet along the edge Waikaumalo Gulch;

29. S 76° 15" W 147.7 feet along the edge Waikaumalo Gulch;

30. S 85° 52" W 84.0 feet along the edge Waikaumalo Gulch;

31. N 77° 40" W 42.0 feet along the edge Waikaumalo Gulch to an iron pipe at post marked LXVI-LXV on the bank of Waikaumalo Gulch;

32. N 44° 40" E 3955.0 feet along the Lot 65 to an iron pipe at post marked LXV-LXVI at the mauka edge of 60 foot road reservation;

33. S 22° 59" W 155.0 feet along 60 foot road reservation;

34. S 25° 07" E 158.0 feet along 60 foot road reservation;

35. S 74° 08" E 157.0 feet along 60 foot road reservation;

5

36. N 55° 15" E 320.0 feet along 60 foot road reservation;

37. S 2° 36" E 65.0 feet along 60 foot road reservation;

38. N 83° 47" E 215.0 feet along 60 foot road reservation;

39. S 25° 02" E 41.0 feet along 60 foot road reservation;

40. S 35° 30" W 180.0 feet along 60 foot road reservation;

41. S 52° 09" E 280.0 feet along 60 foot road reservation;

42. N 73° 49" E 227.0 feet along 60 foot road reservation;

43. S 36° 52" E 8.0 feet along 60 foot road reservation;

44. S 15° 28" W 130.0 feet along 60 foot road reservation;

45. S 52° 05" E 145.0 feet along 60 foot road reservation;

46. S 6° 05" E 147.0 feet along 60 foot road reservation;

47. N 48° 45" E 109.2 feet along 60 foot road reservation to the point of beginning, containing 100 acres, more or less.

2. That the aforementioned forfeited property is to be held by the Internal Revenue Service in their secure custody and control.

3. That pursuant to Title 21, United States Code, Section 853(n)(1), as incorporated by Title 18, United States Code, Section 982(b), the Internal Revenue Service forthwith shall publish at least once for three consecutive weeks in a newspaper of general circulation, notice of this Order, notice of the Internal Revenue Service's intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the Defendant, having or claiming a legal interest in

the above-listed forfeited properties must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

4. This notice shall state that the petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title and interest in each of the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person, as a substitute for published notice as to those persons so notified.

5. That upon adjudication of all other or third-party interests in said properties, this Court will enter a Final Order of Forfeiture pursuant to Title 21, United States Code, Section 853(n), as incorporated by Title 18, United States Code, Section 982(b) in which all interests will be addressed.

6. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to the Federal Rules of Criminal Procedure 32.2(e).

7. That the Clerk of this Court shall provide a certified copy of this Order to the Internal Revenue Service and to the United States Attorney's Office.

ENTER:

*Thomas A. Varlan*
~~THOMAS A. VARLAN~~
United States District Judge

By: *Hugh B. Ward, Jr.*
HUGH B. WARD, JR.
Assistant United States Attorney

*Christopher James Kortz*
CHRISTOPHER JAMES KORTZ
Defendant

*Richard Heinsman*
RICHARD HEINSMAN, JR.
Attorney for Defendant